**In re Walter JOHNSON, dba, Johnson Star Route, Debtor.**

**Bankruptcy No. B84–01436(B).**

United States Bankruptcy Court, N.D. Ohio, E.D.

April 11, 1988.

Stephen D. Hobt, Cleveland, Ohio, for Trustee.

William J. Kopp, Asst. U.S. Atty., Cleveland, Ohio.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter came on for hearing upon the Trustee's objection to a claim filed against the Debtor's estate by the Internal Revenue Service (IRS). Pursuant to Rule 7052, Bankr.R., the following constitutes the Court's findings:

### I.

This is a core proceeding under provisions of 28 U.S.C. 157(b)(2)(B), with jurisdiction further conferred by 28 U.S.C. 1334 and General Order No. 84 of this District. A hearing was held with notice having been made upon all parties entitled thereto. For a determination of this matter, the Court has examined the relevant pleadings, in addition to hearing the arguments of counsel. Herein, the Debtor caused to be filed his voluntary petition seeking relief under Chapter 11 on May 30, 1984. Subsequently, the case was converted to one under Chapter 7, pursuant to Court Order, on September 3, 1986. The bar date for claim filing was February 2, 1987. The IRS' initial claim was filed on October 21, 1986. The subject objection of the Trustee pertains to a purported amended claim of the IRS which was filed on September 9, 1987 which seeks to add withholding and FICA taxes for the third quarter of 1986.

The dispositive issue is whether the IRS has filed an allowable claim against the Debtor's estate. The Trustee contends that the claim is defective due to its late filing. Additionally, the Trustee contends that the amended claim is actually not an amendment but, rather, constitutes an attempt by the IRS to file an unauthorized late claim. In support of its amended claim, the IRS does not dispute the untimeliness of its claim. It does, however, aver that the Debtor did not file his 1986 tax return respecting the subject tax liability until February 5, 1987, some three days after the bar date for filing claims. The IRS further contends that it was without knowledge that the Debtor was in operation at the time it incurred the subject tax liability.

### II.

The IRS' initial claim filed October 31, 1986 against the Debtor's estate sought administrative priority claim status for the following periods and tax liabilities:

| | | | |
|---|---|---|---|
| Withholding & F.I.C.A. | — 3rd Qtr. 1985 | $ | 35.19 |
| " " " | — 1st Qtr. 1986 | | 2,777.46 |
| " " " | — 2nd Qtr. 1986 | | 1,699.30 |
| F.U.T.A. | — 1984 | | 1,779.32 |
| Highway Use | — 1984 | | 3,033.81 |
| | | Total Liability | $9,325.08 |

The second claim of the IRS was filed on September 9, 1987, purporting to "amend, supplement and supersede," its claim filed on October 21, 1986. The second claim addressed the same kinds of taxes and the same tax liability periods which were addressed in its initial claim, excepting for the amounts owed thereon and withholding and F.I.C.A. tax liabilities for the third quarter of 1986:

| | | | |
|---|---|---|---|
| Withholding & F.I.C.A. | — 3rd Qtr. 1985 | $ | 34.69 |
| " " " | — 1st Qtr. 1986 | | 2,738.02 |
| " " " | — 2nd Qtr. 1986 | | 1,688.86 |
| " " " | — 3rd Qtr. 1986 | | 4,793.45 [1] |
| F.U.T.A. | — 1984 | | 4,858.23 |
| Highway Use | — 1984 | | 2,980.47 |
| | | Total Liability | $17,093.72 |

An examination of the record reveals that the Debtor, while in the Chapter 11 made, filed monthly operating reports with the Court which included, *inter alia*, post-petition tax payments to the IRS. Specifically, on June 13, 1986, the Debtor caused to be filed copies of proof of payment of federal withholding taxes. Again, on July 31, 1986, the Debtor caused to be filed copies of proof of payment of federal withholding taxes.[2] The later filing was made during the third quarter of 1986, the period in which the IRS contends that it had no knowledge that the Debtor was still operating. That filing by the Debtor made within

---

1. This tax liability for the third quarter of 1986 was not included in the IRS' initial tax claim.

2. Docket entries No. 80 and No. 85, entered June 13, 1986 and July 31, 1986, respectively.

the third quarter of 1986, sufficiently and effectively refutes the IRS' contention regarding its knowledge of the Debtor's operating status during that tax period. Thusly, it becomes apparent that the IRS did know that the Debtor was operating and had incurred a tax liability during the subject period.

 It is undisputed that the Debtor's tax return for 1986 was not filed until three days after the claims bar date. Yet, the IRS had received tax payments from the Debtor for the third quarter of 1986, several months prior to the claims bar date and could have made a more timely assessment. Had the IRS needed an extension of the bar date to determine the Debtor's tax liability, it could have sought one under Rule 3002(c)(1) but failed to do so.[3] Moreover, the IRS' second claim not only sought to amend its earlier claim, it further attempted to supplement and supersede its previous claim. Here, the additional tax liability sought to be added is for a period different from the initial claim's tax period. Thusly, it is not from the "same generic origin" contained in the original claim.[4] *See In re Overly Hautz Co.*, 57 B.R. 932, 936 (Bankr.N.D.Ohio 1986); *Menick v. Hoffman*, 205 F.2d 365 (9th Cir.1953).

The third quarter tax assessment against the Debtor's estate is a new claim. As required by Rule 3002(c)(1), the IRS failed to file a motion for extension within the 90–day period following the § 341 meeting. In fact, the IRS never filed any motion seeking an extension of the bar date. Without such motion, the IRS' filing delay of some seven months after the claims bar date not only was unreasonable and untimely but further fails to evidence an expedient filing once the liability was determined. *See, In re Solari*, 62 B.R. 31 (9th Cir.B.A.P.1986). The bar date for fil-

ing proofs of claim is to provide the debtor and its creditors with finality. "The congressional goal of finality precludes the Bankruptcy Courts from finding exceptions to these rules in the supposed interest of equity." *See, In re Norris Grain Co.*, 81 B.R. 103 (Bankr.M.D.Fla.1987); *Hoos & Co. v. Dynamics Corp. of America*, 570 F.2d 433, 439 (2d Cir.1978).

Accordingly, the Trustee's objection is sustained. The IRS is allowed an administrative priority tax claim in the total amount of $12,300.27, which represents the $17,093.72 requested by IRS less the disallowed claim of $4,793.45 for the third quarter of 1986.

IT IS SO ORDERED.

---

**3.** Rule 3002(c)(1), Bankr.R. provides: "Time For Filing. In a chapter 7 liquidation ... a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows: (1) On motion of the United States ... before the expiration of such period and for cause

shown, the court may extend the time for filing a claim by the United States...."

**4.** There was no tax liability claimed for withholding and F.I.C.A. for the first and second quarters of 1986, per either claim No. 52 or # 84.