**In re TRANSOUTH TRUCK EQUIPMENT, INC., Debtor.**

**Bankruptcy No. 1–86–00527.**

United States Bankruptcy Court, E.D. Tennessee.

June 30, 1988.

Harold L. North, Jr. of Ray & North, P.C., Chattanooga, Tenn., for trustee in Bankruptcy.

Charles T. Moore, Deputy General Counsel, & Sandra L. Nugent, for Tennessee Dept. of Revenue.

### MEMORANDUM

RALPH H. KELLEY, Chief Judge.

The trustee in bankruptcy has objected to claim no. 79 filed by the Tennessee Department of Revenue as an administrative expense claim. The claim is for taxes incurred by the debtor while its case was a

chapter 11 reorganization case, before it converted to a chapter 7 liquidation.

The trustee argues that the claim should be disallowed because it was filed late, more than thirty days after the court entered an order converting the case to chapter 7 and giving creditors thirty days to file proofs of claims.

The state argues that the order to creditors to file proofs of claims within thirty days did not apply to it. The argument begins with the assumption that the state's claim for taxes incurred during the chapter 11 case is an administrative expense claim. The state argues that the order did not apply to it because the order applied to creditors but the holder of an administrative expense claim is not a "creditor" as defined in the Bankruptcy Code. The state also argues that the order requires the filing of proofs of claims, but the holders of administrative expense claims file requests for payment, not proofs of claims.

The court finds the facts as follows.

In March, 1986, Transouth Truck Equipment (the debtor) filed a voluntary bankruptcy petition for reorganization under chapter 11 of the Bankruptcy Code. The reorganization attempt was short-lived. About four months after the debtor filed, the court appointed C. Kenneth Still chapter 11 trustee to carry out a sale of the business assets. The sale was carried out in July, 1986.

In September, 1986, the trustee filed a motion to convert the case to a liquidation case under chapter 7 of the Bankruptcy Code. The court set a hearing on the motion to convert. Since the Department of Revenue was scheduled as a creditor and had filed a proof of claim, it would have been served notice of the hearing on the motion to convert.

The court granted the motion by an order entered on October 24, 1986. The order provided that "creditors are allowed 30 days from the date of this order in which to file their proofs of claims, if they have not already done so." The state has not denied receiving this order.

The Department of Revenue did not file the claim in question until December 19, 1986, which was almost a month after the thirty days ended. The claim is for estimated franchise taxes either during the entire chapter 11 phase of the case or up to the proposed sale of the business; the summary sheets attached to the claim are unclear.

### Discussion

The court will first consider the state's argument that the holder of an administrative expense claim always files a request for payment rather than a proof of claim.

Section 503(b) of the Bankruptcy Code describes the kinds of claims that are administrative expenses of the bankruptcy case—the actual, necessary costs of administering the bankruptcy case. It specifically includes most taxes incurred by a debtor while it is operating in a chapter 11 case before confirmation of a chapter 11 plan. This is the basis of the state's argument that its tax claim is an administrative expense. 11 U.S.C. § 503(b)(1).

Administrative expense status is important because administrative expense claims are first priority unsecured claims; they are paid ahead of all other unsecured claims. 11 U.S.C. § 507(a)(1).

The Bankruptcy Code provides that a creditor can prove its claim against the debtor in bankruptcy by filing a proof of claim. 11 U.S.C. §§ 501 & 502. However, the holder of a claim for administrative expenses may file a "request for payment". 11 U.S.C. § 503(a).

There are official forms for proofs of claims and procedural rules that govern their filing. Bankr.Rules 3001–3008 & Official Forms 19–21.

The bankruptcy statutes do not define or illustrate a request for payment. The legislative history of § 503 says that the bankruptcy rules will provide the procedure for making a request for payment. 3 L.King, Collier on Bankruptcy ¶ 503.01 (15th ed. 1988). But there is no general rule that specifically sets forth how an entity can file a request for payment of an administrative expense claim.

Rule 2016 requires the filing of an "application" by an entity who has rendered services to the bankruptcy estate. Bankr. Rule 2016; 11 U.S.C. §§ 326–331 & § 503(b)(3) & (4). Obviously, a chapter 11 debtor that is operating a business will incur debts in the ordinary course of business that are not for services rendered. For example, the debtor's tax debts are not debts for services rendered. Rule 2016 applies only to a particular kind of administrative expense debt—a debt for services rendered. Every entity with an administrative expense claim does not make a request for payment by filing an application under Rule 2016.

Rule 9014 provides a catch-all procedure for situations not exactly covered by other rules. In the absence of any other procedure, a request for relief can be made by filing a motion. Bankr.Rule 9014. This may be the appropriate procedure in some situations for an administrative expense claimant to make a request for payment.

In this case, however, Rule 1019 provides a different procedure.

■ When a chapter 11 case converts to chapter 7, the debtor-in-possession or the chapter 11 trustee is supposed to file a schedule of debts incurred during the chapter 11 case. Bankr.Rule 1019(6). The court is supposed to give notice to everyone scheduled to file a proof of claim. Bankr. Rule 1019(7). The rule does not say that the court should notify them to file proofs of claims *or* requests for payment of administrative expenses. The rule says that they are to be directed to file proofs of claims.

Moreover, the rule specifically includes the federal government, the state government, and any other government as an entity that must be notified to file a proof of claim. The drafters of Rule 1019(7) chose to require the various governments to file proofs of claims, even though most government tax claims will be entitled to administrative expense priority.

The practical reason for requiring proofs of claims should be obvious. When a chapter 11 case converts to chapter 7, there may be a multitude of ordinary business debts that the debtor incurred during the chapter 11 case. As to these debts, the conversion to chapter 7 is very much like the filing of a new chapter 7 case by a debtor who has not been in chapter 11. The main difference is that some of the ordinary business debts will be entitled to administrative expense priority. The drafters of Rule 1019 apparently concluded that it is easiest to require everyone with a claim that arose during a chapter 11 case, and which is not governed by Rule 2016, to file a proof of claim regardless of whether the claim might be an administrative expense. 12 Collier on Bankruptcy ¶ 122.12 (14th ed. 1987).

The court realizes that the proof of claim form asks for claims that arose prepetition. Official Form 19, ¶ 2. The court assumes, however, that anyone with a claim that arose during the chapter 11 case and who receives notice to file a proof of claim will realize that they are being asked to prove the claim that arose during the chapter 11 case; this should be obvious since the claimant will also receive notice that the case has converted from chapter 11 to chapter 7. Bankr.Rule 2002(f)(4).

Requiring an administrative expense claimant to file a proof of claim does not contradict the provision in § 503(a) that an administrative expense claimant can file a request for payment. Section 503(a) leaves it to the rules to define a request for payment. In this situation, Rule 1019 provides that a request for payment must be made by filing a proof of claim.

Using a proof of claim as a request for payment does not significantly change the statutory procedure or burden of proof for establishing an administrative expense claim.

■ Section 503(b) provides that "after notice and hearing" a claim can be allowed as an administrative expense. 11 U.S.C. § 503(b). Does this mean that a claim can be allowed as an administrative expense only if the court actually holds a hearing first?

For example, the court allows fees and expenses based on an application under

Rule 2016 only after there has been a hearing. On the other hand, when a creditor files a proof of claim, the claim may be allowed without a hearing. The trustee in bankruptcy must object to the claim in order to have a hearing. 11 U.S.C. § 502.

Since the proof of claim form includes a space to assert priority, the administrative expense claimant who files a proof of claim under Rule 1019 can have its claim allowed as an administrative expense without a hearing if the trustee fails to object.

The court sees nothing wrong with this result. "After notice and a hearing" includes notice and an opportunity to object and have a hearing on the objection. 11 U.S.C. § 102(1).

Assuming that Rule 2016 requires a hearing on an application, it deals only with charges for services rendered; it does not mean that a hearing must be required on a request for payment that is not governed by Rule 2016.

If the claimant filed a motion for payment of the claim as an administrative expense, the court could follow the same procedure; it could allow the trustee time to object, and if he didn't, the motion could be granted without a hearing.

Allowing a claim as an administrative expense, unless there is an objection, is a more appropriate procedure in this situation than always requiring a hearing before allowing the claim. There may be numerous ordinary business debts, some of which are administrative expenses and some of which are not. Neither the parties nor the court should be burdened with the useless work and the expense to the estate of holding a hearing when no one disputes the right of the claimant to administrative expense priority.

One practical problem with this procedure is the possibility that the chapter 7 trustee will fail to object to a proof of claim which asserts administrative expense priority. Chapter 7 trustees, however, are not in the habit of ignoring anything in a proof of claim.

Thus, allowing a proof of claim to establish administrative expense priority without a prior hearing does not contradict § 503(b) since it does not absolutely require a prior hearing.

This procedure also does not shift the ultimate burden of persuasion. A proof of claim is prima facie evidence of the validity and amount of the claim. Bankr.Rule 3001(f). The court assumes, for the purpose of argument, that the presumption of validity includes a presumption of priority when the claim is marked priority.

The presumption only shifts the burden of going forward. It means the trustee has to object and present a good reason for denying priority. The claimant still has the burden of persuasion, the burden of proving that the claim is entitled to priority. 8 L.King, Collier on Bankruptcy ¶ 3001.05 (15th ed. 1988).

The court concludes that Rule 1019 does not contradict the bankruptcy statutes by requiring administrative expense claimants to file proofs of claims instead of motions or applications, or some other form of request for payment of administrative expenses.

Thus, the state's argument that administrative expense claimants never file proofs of claims is wrong. In this very case, Rule 1019 required administrative expense claimants whose claims arose during the chapter 11 case to file proofs of their claims. This disposes of the state's argument that it was misled or was not subject to the court's order because the order required the filing of proofs of claims but not requests for payment of administrative expenses.

The other part of the state's argument is that it was misled or was not subject to the court's order because the order applied only to creditors.

"Creditor" is defined as an entity with a claim against the debtor which arose before the order for relief concerning the debtor. 11 U.S.C. § 101(9). When a debtor files a voluntary bankruptcy petition, the filing of the petition is the entry of an order for relief. 11 U.S.C. § 301. The result is that the creditors in a voluntary

case are the holders of prepetition claims against the debtor.

This eliminates most administrative expense claimants from being creditors since their claims by definition will not arise until postpetition, until there is a bankruptcy case to administer.

The conversion of a chapter 11 case to a chapter 7 case constitutes an order for relief under chapter 7 but does not change the date of "the order for relief". 11 U.S.C. § 348(a). The distinction between "the order for relief" and "an order for relief under chapter 7" apparently means that the definition of creditor, for purposes of the chapter 7 case, does not include everyone whose claim arose before the conversion to chapter 7. 11 U.S.C. § 348(b). The definition of creditor still applies only to claimants whose claims arose before the original order for relief, i.e., before the debtor filed the chapter 11 petition.

Section 348(c) casts some doubt on this conclusion. Under § 348(c), claims that arise after the filing of a chapter 11 petition but before conversion to chapter 7 are to be treated for all purposes as if they arose before the chapter 11 petition was filed. 11 U.S.C. § 348(c). If § 348(a) means that these postpetition-preconversion claimholders are not creditors, § 348(c) may mean that they are to be treated as creditors.

The court need not decide exactly what § 348(c) means because it makes an exception that is the most important point for our purposes. Section 348(c) provides that the postpetition-preconversion claims shall be treated like prepetition claims *except* the claims that are administrative expenses of the chapter 11.

This exception obviously maintains the priority of the chapter 11 administrative expense claims. The state basically argues that the exception does more: it also maintains a distinction between creditors and administrative expense claimants as to the procedure for proving their claims and a distinction in terminology.

The court has already rejected the distinction in the procedure for proving claims. A proof of claim is usually filed by a creditor, but it can also be required of an administrative expense claimant, and it is required by Rule 1019 when a chapter 11 case converts to chapter 7.

This leaves only the terminology distinction—the argument that the word "creditors" in the court's order did not apply to the holders of claims for chapter 11 administrative expenses.

Rule 1019 backs up the state's argument. The rule does not refer to the postpetition-preconversion claimholders as creditors. The chapter 11 trustee or the debtor-in-possession is directed to file a schedule of unpaid debts incurred during the chapter 11. The court is required to notify these newly scheduled "entities" to file proofs of claims. When the court sends out the notice, what should it call these entities so that the notice will apply to all the claimholders?

The state apparently believes that the court's order should say "claimants" or "claimholders" or "creditors and administrative expense claimants" or something similar. The notice would then apply to everyone with a claim that arose during the chapter 11 case. According to the state, however, an order to "creditors" does not apply to the holders of administrative expense claims because they are not creditors and under § 348(c) are not to be treated as creditors.

■ There is some "technical" merit to the state's argument but the court suspects that the state understood the order in question to apply to it and simply failed to file a proof of claim within the time allowed.

When the holder of a claim that arose during a chapter 11 case receives notice that the case has been converted to chapter 7 and that "creditors" must file proofs of claims, the obvious, the common sense, and the safe thing to do is file a proof of claim within the time allowed. The court finds it hard to believe that an employee of the department of revenue who received the order in question would have knowingly decided to ignore it as not applying to the state's tax claim that arose during the chapter 11 case. In the opinion of the

court that response simply is not reasonable, especially for a claimant such as the state which is regularly involved in bankruptcy cases.

If a holder of a claim receives a notice to file a proof of claim, it is reasonable to conclude that the notice was sent for a reason. Furthermore, there is usually nothing to be gained and everything to be lost by not filing a proof of claim. Thus, the claimant who receives a notice to file a proof of claim should follow common sense rule number one: "Do not ignore any order setting a deadline to file claims unless you know without a doubt that the order does not apply to your claim."

The terminology of the order should not be a major source of debate. If the terminology raises a question and the order is sent to the creditor's lawyer for review, the lawyer will most likely follow the common sense rule. When in doubt and there is nothing to be lost by doing so, file a proof of claim before the deadline.

There would be no problem in this case if the state had filed a proof of claim. Rule 1019 does not specifically require both a proof of claim and a motion to allow the claim as an administrative expense. Even if a motion is required, it could be filed after the deadline if the proof of claim was filed before.

As to the correct terminology, court orders do not always abide strictly by the terminology of the statutes or the rules. The question is how the order should have been understood by the person who received it. The use of the word "creditors" in the order should not have misled the state into not filing a proof of claim before the deadline.

The final arguments for allowance of the state's claim were not raised by the state but should not be ignored.

In a chapter 11 case, a creditor's claim is allowed without the filing of a proof of claim if the debt is not scheduled as disputed, contingent, or unliquidated. 11 U.S.C. §§ 502 & 1111(a). When a chapter 11 case converts to chapter 7, is a prepetition creditor whose claim has been allowed without filing required to file a proof of claim in order for the claim to be allowed in the chapter 7 case? One court held that the rules did not require the prepetition creditors whose claims were allowed without filing to file after the case converted to chapter 7. *In re Crouthamel Potato Chip Co.*, 786 F.2d 141, 14 Bankr.Ct.Dec. 482, 14 Coll.Bankr.Cas.2d 502 (3d Cir.1986).

The 1987 amendment to Rule 1019 changed this law, but the change came after this case was converted. Thus, at the time this case was converted, the chapter 7 trustee had a good reason to ask the court to order the prepetition creditors to file proofs of their claims. This brings the court to the argument that the order in question could be interpreted as applying only to the prepetition creditors.

The order was included in the order converting the case, rather than being entered after the trustee or debtor had time to file the schedule of debts incurred during the chapter 11 case. This fact, however, did not allow the state to assume the order applied only to prepetition creditors. When a chapter 11 case converts to chapter 7, the court may already have a schedule of unpaid postpetition debts, especially if there is a chapter 11 trustee, as in this case.

■ The problem is the wording of this particular order. It says that creditors must file proofs of claims "if they have not already done so." This makes the order look as if it was intended to apply to the *prepetition* creditors whose claims were allowed in the chapter 11 without filing.

The problem with this interpretation of the order is that the conditional phrase made the order apply to all the holders of claims who had not yet filed proofs of claims, including the holders of claims that arose during the chapter 11 case. The order is at worst ambiguous; the state should have followed the common sense rule of "When in doubt, file before the deadline."

■ The last point also concerns Rule 1019. Under Rule 1019(7) the holders of claims that arose during the chapter 11 are supposed to have sixty days from the date

of the notice to file proofs of claims. The court allowed everyone only thirty days. Generally, the time for filing proofs of claims cannot be shortened. Bankr.Rule 9006(c)(2) & 3002(c). However, the court apparently can shorten the time under Rule 1019(7). Bankr.Rule 9006(c)(2). The court sees no problem with the order on this point.

The state has relied on the court's earlier decision in *In re Parker*, 15 B.R. 980, 8 Bankr.Ct.Dec. 688, 5 Coll.Bankr.Cas.2d 913 (Bankr.E.D.Tenn.1981), aff'd 21 Bankr.Rep. 692, 6 Coll.Bankr.Cas.2d 1040 (E.D.Tenn. 1982). The court held that the debtor's attorney in a chapter 13 case was not required to file a proof of claim for his fee since the fee was an administrative expense and payment required only the filing of a request for payment. The attorney in *Parker* filed a request for payment in the form required by Rule 2016, an application for fees. The rules in this case required the state to file a request for payment in a different form, a proof of claim. The state failed to do so. *Parker* is distinguishable.

The court will enter an order disallowing the state's claim.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.