In re Walter JOHNSON dba Johnson Star Route, Debtor.

UNITED STATES of America, Plaintiff–Appellant,

v.

Richard B. GINLEY, Trustee, Defendant–Appellee.

No. 88–4079.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 11, 1990.

Decided April 24, 1990.

John P. McGinnis, Bedford Heights, Ohio, for debtor.

William J. Kopp, Office of the U.S. Atty., Cleveland, Ohio, Gary R. Allen, Acting Chief, William S. Rose, Murray S. Horwitz (argued), Gary D. Gray, Susan M. Poswisti-lo, and James I. Knapp, U.S. Dept. of Justice, Appellate Section Tax Div., Washington, D.C., for plaintiff-appellant.

Stephen D. Hobt (argued), Strachan, Green, Miller, Olender & Hobt, Cleveland, Ohio, for defendant-appellee.

Before JONES and GUY, Circuit Judges, and ENGEL, Senior Circuit Judge.

ENGEL, Senior Circuit Judge.

The United States Internal Revenue Service (IRS) appeals a September 12, 1988 ruling by the United States District Court for the Northern District of Ohio, which affirmed the bankruptcy court's decision to disallow a portion of the IRS's claim against the Debtor's estate for payment of federal taxes. The district court concluded that the IRS's claim for administrative expenses incurred in a Chapter 11 proceeding prior to the conversion to Chapter 7 was untimely since it was filed outside of the "bar date" set in the Chapter 7 proceedings.[1] For the reasons stated below, we affirm the disallowance of the claim as untimely.

Walter Johnson voluntarily entered Chapter 11 reorganization proceedings under the Bankruptcy Code on May 30, 1984. Johnson continued to operate his business, Johnson Star Route, as a debtor-in-possession until the Chapter 11 proceedings were converted into a Chapter 7 liquidation by order of the bankruptcy court on September 3, 1986. At the time of conversion, the bankruptcy court appointed Richard B. Gin-ley as Trustee in the Chapter 7 liquidation proceeding. Pursuant to Bankruptcy Rule 3003(c)(3), the bankruptcy court set February 2, 1987, as the "bar date" for filing claims applicable to the Chapter 11 proceeding. The IRS was properly included in the Debtor's schedule of debts filed upon conversion and, therefore, received notice of the claims bar date.

On October 21, 1986, the IRS initially filed a "request for payment" of taxes, including interest and penalties, for periods incurred subsequent to the filing of the Chapter 11 petition but prior to the conversion to Chapter 7.[2] The claim for administrative expenses included Withholding, Federal Insurance Contributions Act (FICA), Federal Unemployment Tax Act (FUTA), and Highway Use taxes for the following tax periods:

| Kind of Tax | Tax Period | Balance Due |
| --- | --- | --- |
| Withholding & FICA | 3rd Quarter, 1985 | $ 35.19 |
| Withholding & FICA | 1st Quarter, 1986 | $2,777.46 |
| Withholding & FICA | 2nd Quarter, 1986 | $1,699.30 |
| FUTA | 1984 | $1,779.32 |
| Highway Use | 1984 | $3,033.81 |
| | Total Liability: | $9,325.08 |

After the bar date passed, the IRS filed a subsequent request, Claim No. 84, which purported to "amend, supplement and supersede" the prior request. The subsequent document, filed on September 9, 1987, adjusted the amounts for the previously itemized tax periods, but added Withholding & FICA taxes for a new tax period, the third quarter of 1986:

| Kind of Tax | Tax Period | Balance Due |
| --- | --- | --- |
| Withholding & FICA | 3rd Quarter, 1985 | $ 34.69 |
| Withholding & FICA | 1st Quarter, 1986 | $2,738.02 |
| Withholding & FICA | 2nd Quarter, 1986 | $1,688.86 |
| Withholding & FICA | 3rd Quarter, 1986 | $4,793.45 |
| FUTA | 1984 | $4,858.23 |
| Highway Use | 1984 | $2,980.47 |
| | Total Liability: | $17,093.72 |

Ginley filed an objection to the $4,793.45 claim for Withholding and FICA taxes for

---

1. The "bar date" has been used by the parties in this appeal to refer to the date set in the Chapter 7 liquidation for the filing of claims, following conversion from Chapter 11. This phrase, however, has usually been associated with the date that pre-petition creditors must file claims. As this opinion indicates, however, the cut-off date set under the circumstances of this case also requires the filing by this administrative claimant. Perhaps the lack of a better phrase has led to the use of the same terminology under what we acknowledge are substantially different circumstances.

2. The cover letter for this "request of payment" identified the document as a "proof of claim." The Clerk of the bankruptcy court designated the claim as Claim No. 52 on the Claims Register.

the third quarter of 1986.[3] Ginley argued in the bankruptcy court that (1) the new claim was untimely since it was not filed within the bar date, and (2) the claim was not actually an amendment to the prior claim but rather was an unauthorized late claim. In support of its claim, the IRS did not dispute the untimeliness, but argued that it was a proper amendment. The IRS reasoned that since the Debtor did not file his 1986 tax return regarding the subject tax liability until February 5, 1987, three days after the bar date, the IRS did not know that the Debtor was in operation at the time the Debtor incurred the tax liability.

The bankruptcy court rejected the arguments by the IRS and disallowed the claim for the third quarter of 1986 as a new claim filed beyond the bar date. (Order dated April 11, 1988, 84 B.R. 492.) The bankruptcy court first concluded that the subsequent claim for the third quarter of 1986 taxes did not amount to an amended claim but a new claim since the claim arose from a different tax period. Second, the bankruptcy court rejected the IRS's contention that it had no notice of the Debtor's operation during the subject period. The court found that the IRS had actual knowledge that the Debtor was operating and incurring tax liability during the third quarter of 1986 since the Debtor filed monthly operating reports, including a July 31, 1986 report filed during the third quarter. These monthly operating reports included, among other things, proof of post-petition tax payments to the IRS. Therefore, the court rejected the IRS's contention, presumably an equitable one, that the late filing of the 1986 Tax Return was the first notice. Third, the bankruptcy court concluded that

the IRS failed to seek an extension of the claims bar date under Rule 3002(c)(1) and, therefore, the seven month delay in filing was "unreasonable and untimely."

The IRS appealed the adverse ruling to the district court. The IRS raised the argument that the second filing was a proper amendment, which the district court rejected. The IRS has not raised this issue on appeal to this court. Second, the IRS argued that an administrative expense claimant is not required to file a proof of claim and may file it outside of the assigned bar date. The district court rejected this argument, stating that "[b]y requiring the bankruptcy court to establish a bar date for claims, the only logical answer is that this date extends to an administrative claim for taxes as well."

The issue in this appeal is whether the bar date set by the bankruptcy court in the Chapter 7 case applies to the IRS's claim for administrative expenses incurred in the superseded Chapter 11 case. This is a question of law, and our review of the bankruptcy and district court decisions is plenary. *See In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988). As an initial matter, all of the administrative expenses at issue in this case arose post-petition and pre-conversion. Since the newly appointed Trustee ceased the operation of the business upon conversion, none of the claimed tax obligations were incurred after conversion. Therefore, we are not presented with administrative expenses incurred in a Chapter 7 proceeding nor are we presented with administrative expenses incurred in an unconverted case.

■ The allowance of administrative expenses is governed by 11 U.S.C. § 503.[4]

3. Ginley also filed an earlier objection to the October 21, 1986 claim, arguing that accrued interest on the subject taxes should not be entitled to administrative priority under 11 U.S.C. § 503(b)(1)(B)(i). The bankruptcy court accepted this contention and disallowed the interest. (Order dated January 19, 1988.) This issue has not been appealed and is not before this court.

4. 11 U.S.C. § 503 provides, in part:
   **§ 503. Allowance of administrative expenses.**

(a) An entity may file a request for payment of an administrative expense.
(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case:
(B) any tax—

Section 503 provides that certain expenses incurred to preserve the estate during the pendency of the bankruptcy proceedings may be allowed. Administrative expense status is important because these claims are first priority unsecured claims under 11 U.S.C. § 507(a)(1) and are paid before all other unsecured creditors.[5] The general purpose of the priority of post-petition administrative expenses is to "facilitate the rehabilitation of insolvent businesses by encouraging third parties to provide those businesses with necessary goods and services." *See In re United Trucking Service, Inc.*, 851 F.2d 159, 161 (6th Cir.1988) (lessor's post-petition damage claim was properly treated as an administrative expense entitled to priority).

The parties on appeal do not dispute that the post-petition, pre-conversion tax claims at issue fall within the express statutory provision allowing certain taxes as administrative expenses. *See* 11 U.S.C. § 503(b)(1)(B)(i). The source of contention is the uncertainty over the procedure and timing for making an administrative claim upon the Debtor's estate once a case had been converted. Section 503(a) provides

that "an entity may file a request for payment of an administrative expense." Section 503(b) also specifies that administrative expenses are allowed "[a]fter notice and a hearing." The bankruptcy statute, however, does not "provide for the time when a request for administrative expenses should be made nor does it provide to whom the request is to be made." 3 *Collier on Bankruptcy* ¶ 503.01 (15th ed. 1989). Both the House and Senate Judiciary Committee reports on the Bankruptcy Reform Act of 1978 indicate that the Rules of Bankruptcy Procedure would specify the time, the form, and the method of such a filing. H.R.Rep. No. 595, 95th Cong., 1st Sess. 355 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 66 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.[6]

In contrast to the statutory provisions on "request for payments," section 501 of the Bankruptcy Code provides that a creditor can prove its claim against the debtor by filing a "proof of claim."[7] There are procedural rules for the filing of proofs of claim and forms for such claims. *See* Bankruptcy Rules 3001–3008 & Official Forms 19–21. Rule 3002, for example, pro-

---

(i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title; or

....

5. Liquidation expenses incurred in a Chapter 7 proceeding, however, generally are accorded priority over administrative expenses incurred in superseded cases. *See* 11 U.S.C. § 726(b).

6. Certain administrative expense claimants are governed by another procedure. Bankruptcy Rule 2016 requires the filing of an "application" by an entity who has rendered services to the bankruptcy estate. Bankruptcy Rule 2016 provides, in part:

**Rule 2016. Compensation for Services Rendered and Reimbursement of Expenses.**
(a) *Application for Compensation or Reimbursement.* An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested....
(b) *Disclosure of Compensation Paid or Promised to Attorney for Debtor.* Every attorney for a debtor, whether or not the attorney applies for compensation, shall file with the

court within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity.
The administrative claims at issue here do not fall within this rule.

7. 11 U.S.C. § 501 provides:
**§ 501. Filing of proofs of claims or interests.**
(a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.
(b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.
(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.
(d) A claim of a kind specified in section 502(e)(2), 502(f), 502(g), 502(h) or 502(i) of this title may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition.

vides that an unsecured creditor must file a proof of claim within ninety days of the meeting of creditors.[8] The proof of claim "bar date" commonly refers to the date that pre-petition creditors must file their claims.

The IRS argues that the bankruptcy court failed to acknowledge the distinction between "request for payments" filed by administrative expense claimants and "proofs of claim" filed by "creditors" when it required the IRS to comply with the bar date set in the Chapter 7 proceeding for claims arising in the superseded Chapter 11 case. Ginley argues, however, that whatever might be the distinction between "requests for payments" and "proofs of claim" in the ordinary case, when the Chapter 11 case was converted to a Chapter 7 case, the IRS was required to file a proof of claim. Three bankruptcy courts have accepted Ginley's argument, requiring administrative claimants in conversion cases to comply with the bar date set for claims arising in the superseded Chapter 11 case. *See In re Bondi's Valu–King, Inc.*, 102 B.R. 108 (Bankr.N.D.Ohio 1989) (IRS's administrative claims arising in Chapter 11 proceeding subject to bar date established in subsequent Chapter 7 proceeding); *In re West Johnson Corporation*, 96 B.R. 182 (Bankr.W.D.Wisc.1988) (same; utility company and other administrative claimants failed to file timely proofs of claim); *In re Transouth Truck Equipment, Inc.*, 87 B.R. 937 (Bankr.E.D.Tenn. 1988) (state administrative expense claims incurred prior to conversion from Chapter 11 to Chapter 7 must be filed by bar date; the bankruptcy court rejected Tennessee's untimely filing for estimated franchise taxes).

8. Bankruptcy Rule 3002(a) provides:

**Rule 3002. Filing Proof of Claim or Interest.**

(a) **Necessity for Filing.** An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 1019(4), 3003, 3004 and 3005.

(b) **Place of Filing.** A proof of claim or interest shall be filed in accordance with Rule 5005.

Given the lack of statutory direction on this issue, our analysis begins with Bankruptcy Rule 1019, which governs the filing of claims in cases involving conversion. Bankruptcy Rule 1019 provides in pertinent part:

**Conversion of Chapter 11 Reorganization Case or Chapter 13 Individual's Debt Adjustment Case to Chapter 7 Liquidation Case.**

. . . .

**(6) Filing Final Report and Schedule of Postpetition Debts.** Each debtor in possession or trustee in the superseded case shall file with the court a final report and account within 30 days following the entry of the order of conversion, unless the court directs otherwise. The report shall include a schedule of unpaid debts incurred after commencement of the chapter 11 case. . . .

**(7) Filing of Postpetition Claims; Notice.** On the filing of the schedule of unpaid debts, the court shall order that written notice be given to those entities, including the United States, any state, or any subdivision thereof, that their claims may be filed within 60 days from the entry of the order, pursuant to Rule 3001(a)–(d). The court shall fix the time for filing claims arising from debts not so scheduled or arising from rejection of executory contracts under §§ 348(c) and 365(d) of the Code.

. . . .

Rule 1019(6) directs a debtor-in-possession or Chapter 11 trustee to file a schedule of debts upon conversion of the case from Chapter 11 to Chapter 7. The schedules include those claims that arise post-petition

(c) **Time for Filing.** In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

(1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

. . . .

and pre-conversion. *See* Bankruptcy Rule 1019(6) and advisory committee note (1983). Once the schedule is filed, Rule 1019(7) directs the court to notify the scheduled entities that they must file proofs of claim. The rule—which expressly includes the United States as an entity to receive notice—does not direct claimants to file proofs of claim *or* requests for payment of administrative expenses. *In re Transouth*, 87 B.R. at 941. In the interest of finality and notice to the Chapter 7 trustee, the rule directs post-petition, pre-conversion claimants to file proofs of claim. In this case, since there is no dispute that the IRS was included in the schedule of debts and received notice of the claims bar date, we must conclude that the IRS failed to timely file. In so holding, we agree that the "drafters of Rule 1019(7) chose to require the various governments to file proofs of claims, even though most government tax claims will be entitled to administrative expense priority." *In re Transouth*, 87 B.R. at 939. If there is any ambiguity in the meaning of this rule, we note that this construction is consistent with the interpretation by bankruptcy courts that have addressed the issue. This interpretation of the rule and its uniform application will also, we think, serve the goal of Bankruptcy Rule 1001 "to secure the just, speedy, and inexpensive determination" of this particular type of case.

The IRS also contends that it is not required to file a proof of claim since it is not a creditor, as defined in 11 U.S.C. § 101(9)(A).[9] As support for this argument, the IRS relies upon the language in 11 U.S.C. § 501, indicating that "creditors" file proofs of claim. The IRS contends that claims "that arose at the time of or before

the order for relief," *see* section 101(9)(A), only refers to pre-petition claims—*i.e.*, claims against the debtor arising prior to the filing of the Chapter 11 petition. Therefore, the IRS argues that this does not include administrative claims incurred during Chapter 11 since they arise after "the order for relief." Although it is true that the petition for Chapter 11 is "an order for relief," *see* 11 U.S.C. § 301, one must refer to another section of the Bankruptcy Code governing the treatment of claims upon conversion. *See* 11 U.S.C. § 348. Section 348, which is implemented by Bankruptcy Rule 1019,[10] provides:

§ 348. Effect of Conversion.

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

. . . .

(d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1307, or 1208 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

. . . .

Section 348(a) suggests that administrative expense claimants are not creditors under section 101(9)(A) because although conversion is "an order for relief," conversion

---

**9.** 11 U.S.C. § 101(9) defines "creditor" as:
 (9) "creditor" means—
 (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;
 (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or
 (C) entity that has a community claim;
11 U.S.C. § 101(4) defines "claim" as:
 (4) "claim" means—
  (A) right to payment, whether or not such right is reduced to judgment, liquidated, un-

liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
  (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

**10.** Bankruptcy Rule 1019 advisory committee note (1983).

does not effect a change in "the order for relief." Section 348(d) indicates, however, that claims against the estate or the debtor that arise after "the order for relief" (petition for Chapter 11 in this case) and before conversion (to Chapter 7 in this case) are *deemed* to have arisen before the petition. As the bankruptcy court noted in *In re Transouth,* if "§ 348(a) means that these postpetition-preconversion claimholders are not creditors, [§ 348(d)] may mean that they are to be treated as creditors." 87 B.R. at 941.

Section 348(d), however, provides an ill-defined exception for administrative claims under section 503(b). The IRS argues that the exception indicates that its claims are not deemed pre-petition claims under this provision and, therefore, the IRS is not a "creditor" within the meaning of section 101(9)(A). We need not decide whether administrative claimants actually are creditors in this instance, because we are satisfied that this exception in 348(d) indicates that administrative expenses maintain their priority status. *See In re Bondi's,* 102 B.R. at 111 (section 348(d) "expressly omits § 503(b) administrative claims from its treatment, thereby permitting them to retain their priority") (citation omitted); *In re West Johnson,* 96 B.R. at 184 (section 348(d) "excepts administrative expense claims as an acknowledgement that such claims may acquire a priority payment status in the Chapter 7 case") (citation omitted); *In re Transouth,* 87 B.R. at 941 (the exception in section 348(d) for section 503(b) administrative expenses "obviously maintains the priority of the chapter 11 administrative expense claims"). At a minimum, we cannot agree that the exception maintains a distinction between the filing requirements of creditors and administrative expense claimants upon conversion. Although proofs of claim are generally required to be filed by pre-petition creditors, Rule 1019 similarly requires postpetition, pre-conversion claimants, including administrative claimants, to file. Therefore, as stated in *In re West Johnson,* 96 B.R. at 184, section 348(d) "does not create, nor prohibit a procedure for the submission of such claims upon conversion

of a case. In short, section 348(d) does not concern itself with procedure, and the issue in the case at bar is wholly procedural."

The IRS asserted at oral argument that it does not dispute that a bankruptcy court may set bar dates for certain classes of administrative claims arising before a certain date. The IRS contends, however, that it is unfair to impose the bar date upon its administrative claim since the notice it received was misleading. The notice to the IRS stated, in part, that a "creditor" must file a claim by the specified date. We seriously doubt, however, that the IRS was misled by this notice, particularly since the cover letter to its first "request for payment" labeled the document a "proof of claim." *See supra* note 1. Further, once such a notice was received, the IRS should have been alerted to file its claim. As one bankruptcy court has noted:

> When the holder of a claim that arose during a chapter 11 case receives notice that the case has been converted to chapter 7 and that "creditors" must file proofs of claims, the obvious, the common sense, and the safe thing to do is file a proof of claim within the time allowed.... If a holder of a claim receives a notice to file a proof of claim, it is reasonable to conclude that the notice was sent for a reason. Furthermore, there is usually nothing to be gained and everything to be lost by not filing a proof of claim. Thus, the claimant who receives a notice to file a proof of claim should follow common sense rule number one: "Do not ignore any order setting a deadline to file claims unless you know without a doubt that the order does not apply to your claim."

*In re Transouth,* 87 B.R. at 941–42. While the notice certainly could have been more precise, particularly since bar dates generally apply to pre-petition creditors, we cannot conclude that any alleged ambiguity salvages the untimely claim.

The IRS cites several cases for the proposition that it is not required to comply with the time requirement set in the Chapter 7 proceeding for administrative expenses arising in the superseded case. *See*

*In re Crisp, Inc.,* 92 B.R. 885 (Bankr.W.D. Mo.1988); *In re Taylor Transport, Inc.,* 28 B.R. 832 (Bankr.N.D.Ohio 1983); *In re Parker,* 15 B.R. 980 (Bankr.E.D.Tenn. 1981), *aff'd* 21 B.R. 692 (E.D.Tenn.1982). None of the cases is factually apposite to this case. *In re Crisp* involved a claim for administrative expenses which arose during the Chapter 7 proceeding and concerned their super-priority status under 11 U.S.C. § 726(b). This is not such a case. The bankruptcy courts in *In re Parker* (Chap. 13) and *In re Taylor* (Chap. 11) were not presented with cases involving conversion. Unconverted cases are not persuasive in the context of this converted case since the procedural and timing concerns regarding administrative claims in continuing, as opposed to converted cases, are much different. Further, unconverted cases are not governed by Rule 1019.

The IRS also cites *In re Chicago Pacific Corp.,* 773 F.2d 909, 917 (7th Cir.1985). *Chicago Pacific* assumed *arguendo* that an entity's tort claim arising during the reorganization period was an administrative expense which was not governed by the bar date for filing a proof of claim. 773 F.2d at 917. The court decided the case on other grounds, however, concluding that the request for payment was governed by the "bar dates" of laches and equitable estoppel. The court refused to permit the administrative claimant to assert a claim arising seven years after the claim arose and on the eve of consummation of the Chapter 11 reorganization plan. *Chicago Pacific* could be read as placing time limits upon administrative claims in unconverted cases: "At a minimum, administrative claims must be filed within a reasonable time after they arise." 773 F.2d at 917.

The court was not addressing the conversion issue before us, however, and does not affect our analysis of administrative expenses incurred in a Chapter 11 and sought subsequent to conversion.

■ The IRS raises several other arguments that mischaracterize the nature of the present case. The IRS argues that the need for finality on pre-petition claims does not apply to administrative expenses because the trustee knows about the administrative expenses and plays a decision-making role in incurring them. Under section 348(e), however, conversion terminates the service of the previous trustee. In this case, conversion terminated the service of the debtor-in-possession, Walter Johnson.[11] Although it is true that a debtor-in-possession generally performs all the functions and duties as a trustee in Chapter 11, *see* 11 U.S.C. § 1107,[12] the IRS cannot successfully argue that Ginley, the Chapter 7 trustee, had a decision-making role in incurring the Chapter 11 expenses.

■ The IRS also argues that administrative expense claimants should not be required to file proofs of claims since at the point in time when the proofs of claim are to be filed the trustee is unlikely to know the "full need, nature, extent or costs of the services to be rendered" in administering the estate. The IRS similiary argues that application of the bar date will interfere with the trustee's flexibility in managing the estate. These arguments are unavailing since the post-petition, pre-conversion expenses at issue necessarily were incurred prior to the bar date set in the Chapter 7. Once the case was converted from Chapter 11 to Chapter 7, the Chapter

---

**11.** Although a trustee's service may be terminated under section 348(e), she may be reappointed in the liquidation case as an interim trustee. Further, if another trustee is not elected under 11 U.S.C. § 702(c), the interim trustee serves as the trustee in the liquidation case. *See* Bankruptcy Rule 1019 advisory committee note (1983); 2 *Collier on Bankruptcy,* ¶ 348.06 (15th ed. 1989). Our conclusion would not be any different if the trustee were the same in both cases.

**12.** 11 U.S.C. § 1107(a) provides:

**§ 1107. Rights, powers, and duties of debtor in possession.**
(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter. . . . .

11 expenses are no longer contingent or continuing, but are sufficiently definite such that a proof of claim may be filed. The IRS's arguments simply are not applicable to the facts of this conversion case.

The fact that these expenses have been incurred during a finite and closed period, however, does not mean that these expenses will be fully calculated at the time of the bar date. In the case at hand, the IRS could have filed an estimated claim for this tax period by the bar date and then, if necessary, it could have amended that claim. Alternatively, the IRS could have requested an extension of time as it is expressly permitted to do under Bankruptcy Rule 3002(c)(1). The bankruptcy court expressly found that the IRS was aware that the Debtor was operating during the third quarter of 1986 but failed to file a timely claim for that tax period and failed to seek an extension. In sum, the bankruptcy and district courts did not err in disallowing the untimely claim by the IRS. Accordingly, the judgment of the district court is hereby **AFFIRMED.**