**In re Francis Malachy STOIBER, Cheryl Ann Stoiber.**

**Bankruptcy No. 690–01491.**

United States Bankruptcy Court, N.D. Ohio.

July 13, 1993.

Edwin H. Breyfogle, Massillon, OH, for debtors.

Beverly Ortega Babers, Dept. of Justice, Washington, DC, for claimant, I.R.S.

## MEMORANDUM OF DECISION

### JAMES H. WILLIAMS, Chief Judge.

At issue in this case is the ability of the Internal Revenue Service (IRS) to amend a proof of claim filed on its behalf by the debtors pursuant to 11 U.S.C. § 501(c) and Fed.R.Bankr.P. 3004[1]; a second, and larger, issue is whether, regardless of the debtors' filing of such a proof of claim, there is a basis for disallowing the subsequent offering by the IRS.

Following a hearing on the debtors' objection to the IRS's proofs of claim[2], the parties were offered the opportunity to submit points of authority to supplement the objection, response and reply. They have chosen not to do so.

The court has jurisdiction in this matter by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed. R.Bankr.P. 7052.

### FACTS

1. The debtors filed a joint petition for relief under Chapter 13 of Title 11 of the United States Code on July 20, 1990.

2. IRS was shown on the schedule of debts as being owed $5,000.00 in so-called Form 941 taxes. A post office box address for IRS was included. The court's file reflects that a Notice of Meeting of Creditors was sent to IRS at that address. The notice provides that the last day to file a claim was November 27, 1990.

3. No proof of claim was filed by IRS by this filing deadline. IRS makes no claim that it did not receive the Notice of Meeting of Creditors.

4. The debtors moved for leave to file a proof of claim on IRS's behalf. Leave was granted and, on May 26, 1992, the filing was made. One day later, the court notified IRS of the filing.

5. The first of IRS's "amendments" to the proof of claim filed on its behalf was presented five months later, on October 27, 1992. The debtors objected and the second "amendment" was filed on March 18, 1993. Again, the debtors objected on the basis that the IRS filing was "not timely, and it should be disallowed to the extent that it exceeds the amount set forth in the proof of claim originally filed by the debtors herein."

### DISCUSSION

#### A

The IRS first urges the court to use its equitable powers to allow its amended proofs of claim to relate back to the original proof of claim filed on its behalf by the debtors. This is on the entirely reasonable sounding premise that "[i]f this Court permitted the filing of the original Proof of Claim, then any amendments to this claim by the creditor should also be permitted." (Response to Debtors' Objection to Claim, p. 4) Support for the IRS's position is found in *In re Kolstad*, 928 F.2d 171 (5th Cir.1991), *reh'g en banc denied*, *U.S. v. Kolstad*, 936 F.2d 571 (5th Cir.1991).

---

1. 11 U.S.C. § 501(c) provides:
   If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.
   Fed.R.Bankr.P. 3004 reads:
   If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith mail notice of the filing to the creditor, the debtor

and the trustee. A proof of claim filed by a creditor pursuant to Rule 3002 or Rule 3003(c), shall supersede the proof filed by the debtor or trustee.

2. The filings by IRS consist of two proofs of claim, labeled "Amendment #1 to Proof of Claim dated 5/26/92" and "Amendment #2 to Proof of Claim dated 5/26/92." The effect of the second "amendment" is to increase the secured portion of the claim to $4,423.35. The debtors have no objection to, and in fact urge, the allowance of the claim in this amount.

A careful reading of *Kolstad,* however, reveals it to be less than solid support for IRS's position. Judge Jones carefully reviews the claims amendment-objection process and concludes "that the bankruptcy court had *discretion* to authorize IRS to amend Kolstad's proof of claim for federal taxes." (emphasis added). *Id.* at 175. Furthermore, said the court, under the facts and circumstances there present, the bankruptcy judge in *Kolstad* did not abuse that discretion in permitting IRS to amend the claim the debtor filed in its behalf.

■ Assuming, without further analysis, that this court may indeed permit an amendment such as that tendered by IRS, it chooses not to do so for several reasons. First, IRS had not one but two notices from the court to file its proof of claim, if it intended to participate in the debtors' Chapter 13 plan. The first, the Notice of the Meeting of Creditors and the last day to file proofs of claim, it utterly ignored; the second, the notice, sent 22 months after the case was filed, that a claim had been filed on its behalf, drew no response for five more months. Second, in the interim, the debtors' plan was confirmed and well along the road to completion by the time the IRS sought to amend the claim filed in its behalf. Third, no evidence was offered on the possible effect of allowing IRS's asserted claim at this late date and it is not the court's role to ferret out that information. Nevertheless, it is reasonable to predict that, given the priority status of Section 507 claims, if allowed, whether timely or not, *U.S. v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (6th Cir.1990), some disruption of the debtors' plan to the detriment of them and their other creditors would likely flow from this court's exercise of its discretion in the IRS's favor.

*Kolstad* expressed a concern about mischief on the part of debtors who might improperly seek to control the amount of a claim if amendments to their filing pursuant to Fed.R.Bankr.P. 3004 are not permitted. "If a Rule 3004 proof of claim permitted a debtor to fix beyond challenge the amount of the involuntary participant's claim, the debtor would also control that creditor's share of the distribution from his estate. Such an interpretation of Rule 3004 carries a serious potential for abuse, because it would foster the deliberate filing of a very low claim on behalf of a creditor." *Id.* 928 F.2d at 174. This fear seems rebutted by the Supreme Court's statement in *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992): "Debtors and their attorneys face penalties under various provisions for engaging in improper conduct in bankruptcy proceedings.... These provisions may limit bad-faith claims ... by debtors. To the extent that they do not, Congress may enact comparable provisions to address the difficulties that ... [may] follow our decision." *Id.* —— U.S. at ——, 112 S.Ct. at 1648–49, 118 L.Ed.2d at 288.

Therefore, the court declines to accept the proofs of claim filed by the IRS as amendments to the proof of claim filed in the IRS's name by the debtors.

## B

■ The IRS argues in the alternative that its proofs of claim should stand despite their untimely filing on the basis that 11 U.S.C. § 502(b) does not contain untimeliness as a reason for disallowing a claim. Indeed it does not, but the argument fails to consider the entire claims allowance process set out in the Bankruptcy Code and Rules.

The IRS supports its position in large part with citations to *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992) (en banc) (Chapter 13 case in which the court held that 11 U.S.C. § 502(b) did not authorize disallowing a proof of claim for untimely filing.); *In re Rago,* 149 B.R. 882 (Bankr.N.D.Ill.1992) (following *Hausladen,* a Chapter 7 case in which the IRS failed to receive notice of the claims filing bar date); *In re Corporacion De Servicios Medico–Hospitalarios De Fajardo,* 149 B.R. 746 (Bkrtcy D.Puerto Rico 1993) (A Chapter 7 case, converted from one under Chapter 11, in which no creditors at issue had received notice of the claims filing bar date.)

The Bankruptcy Code's mechanism for adjudicating and allowing claims is found in 11 U.S.C. § 502 which states:

(a) A claim or interest, *proof of which is filed under section 501 of this title* is deemed allowed, unless a party in interest . . . objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if no such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . . (emphasis added.)

Before a proof of claim may be deemed allowed, or adjudicated and allowed, it must be filed pursuant to 11 U.S.C. § 501 and Fed.R.Bankr.P. 3001–3004. H.R. 595, 95th Cong., 1st Sess. 351 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 6307 ("This section governs the means by which creditors and equity security holders present their claims or interests to the court."); *In re Kolstad*, 928 F.2d at 173–74 (discussing the interaction between the claims filing and claims adjudication processes); *In re Bailey*, 151 B.R. 28, 32 (Bankr.N.D.N.Y.1993):

[T]his court concludes that in order for an unsecured creditor's claim to meet the threshold requirement for allowance under Code § 502(a), a proof of claim must be filed under Code § 501 which comports with Fed.R.Bankr.P. 3002(a) and (c). Failure to meet these simple requirements will result in the claim being disallowed, or more appropriately expunged.

This court agrees with the *Bailey* court's analysis and its rejection of the rationale found in *Hausladen*. As the *Bailey* court discusses, the legislative history demonstrates that the proof of claim filing time limits were intentionally left to the Bankruptcy Rules. *See* H.R. 595, 95th Cong., 1st Sess. 449 (1977), U.S.Code Cong. & Admin.News 1978, 6405 ("With the extensive revision and modernization of the bankruptcy law proposed by this bill, in which nearly all procedural matters have been removed and left to the Rules of Bankruptcy Procedure,

the need that currently may exist to permit the Supreme Court's rules to supersede the statute disappears."); *Bailey*, 151 B.R. at 31 (quoting H.R. 595, 95th Cong., 1st Sess. 351 (1977), U.S.Code Cong. & Admin.News 1978, 6307 *"[A] proof of claim will be a prerequisite to the allowance for unsecured claims. . . .* The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed.") [3] (emphasis in original).

The Sixth Circuit Court of Appeals has spoken on the issue of late filed proofs of claim in *In re Johnson*, 901 F.2d 513 (6th Cir.1990). *Johnson* involved a Chapter 11 case, converted to administration under Chapter 7, in which the IRS filed a proof of claim over seven months late. *Id.* at 514–515. The bankruptcy court disallowed the IRS's proof of claim when the Chapter 7 trustee objected to its untimely filing. *In re Johnson*, 84 B.R. 492, 493–94 (Bankr. N.D.Ohio 1988), *aff'd, In re Johnson*, 901 F.2d 513. The bankruptcy court stated that "[t]he congressional goal of finality precludes the Bankruptcy Courts from finding exceptions to these rules in the supposed interest of equity." *Johnson*, 84 B.R. at 494 (citations omitted).

While the Rule 3002(c) time limit is at issue here rather than the time limit imposed in Chapter 11 by Fed.R.Bankr.P. 3003(c)(3) as in *Johnson*, the result is the same. The Sixth Circuit has held that the bankruptcy court has discretion to disallow a proof of claim which has not been filed within the applicable time period. *Johnson*, 901 F.2d at 521–22.

Upon consideration of the facts of this case, the court finds cause to disallow the untimely filed proofs of claim of the IRS. The IRS had notice of the case and the bar date, yet no excuse was offered as to why no

---

**3.** And so, we have Fed.R.Bankr.P. 3002, paragraph (c) of which provides:

In a Chapter 7 Liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code . . .

The Rules having thus met the legislature's expectations, one is puzzled by this remarkable statement in *Hausladen:* "However, a time bar does not expressly exist under the Code or Rules." *Hausladen*, 146 B.R. at 559.

proof of claim was filed or no extension of time was requested. After the bar date had passed, the IRS failed to request that its proofs of claim be accepted by the court despite their untimeliness. Lastly, to permit the IRS's priority claim at this point in time may prejudice creditors that have filed proofs of claim within the time allotted and disrupt the debtors' plan.

An Order in accordance with the foregoing shall issue forthwith.