**In re HOF BRAU, INC., Debtor.**

**Bankruptcy No. 8500584.**

United States Bankruptcy Court,
D. Rhode Island.

April 22, 1987.

Matthew J. McGowan, Salter, McGowan, Swartz & Holden, Inc., Providence, R.I., trustee.

Paula Bonnell, Boston, Mass., for the U.S. trustee.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the trustee's motion to pay creditors scheduled in Hof Brau, Inc.'s Chapter 11 case, but who have not filed proofs of claim after conversion of the case to Chapter 7.

Without reciting the entire procedural and factual history of this case, it is sufficient to say that while the case was still in Chapter 11, disputed claims were fully investigated by the Chapter 11 trustee. This was accomplished after notice to such creditors that their claims would be reduced, adjusted, or disallowed unless they objected to the proposed disposition on or before a date certain. All objections filed in response to said notice have been resolved. The trustee reports that he has also investigated all scheduled claims for which no proofs of claim were filed, but which were listed by the debtor as neither contingent, unliquidated, nor disputed, and as to these claims, the trustee made independent determinations as to their validity. Thereafter, the assets were sold, because in the trustee's opinion, selling in Chapter 11 was the most economically advantageous manner to liquidate. The case was then converted to Chapter 7 on July 29, 1986. Since all creditors had been noticed previously, in the Chapter 11 case, no further notice was sent advising that they should file new proofs of claim in the now converted Chapter 7 case. The claims resolution process continued after the conversion, and ended with our order of December 12, 1986, approving the trustee's proposed disposition of all remaining claims.

In making this proposal, the trustee urges that his investigation of claims scheduled in the prior Chapter 11 proceeding obviates the need for creditors to re-file in the converted Chapter 7 case. In support of this proposal, the trustee relies on the Third Circuit decision, *In re Croutha-* *mel Potato Chip Co.,* 786 F.2d 141 (3rd Cir.1986), which held that claims listed in the debtor's Chapter 11 schedules should be deemed filed, without the necessity of filing proofs of claim, when the case converted to Chapter 7. In that decision, the Third Circuit reversed both the bankruptcy and district courts, which had held that creditors with claims listed on a debtor's Chapter 11 schedules had to file proofs of claim after conversion to Chapter 7.

This matter involves a circuitous interplay between 11 U.S.C. § 1111 and Bankruptcy Rules 1019(4), 3002 and 3003. A creditor in a Chapter 11 case whose claim is listed on the debtor's schedules is not required to file an actual proof of claim before the claim can be allowed. Unless the claim is scheduled as disputed, contingent or unliquidated, § 1111(a) provides that "[a] proof of claim ... is deemed filed under section 501 of this title for any claim ... that appears in the schedules filed under sections 521(1) or 1106(a)(2) of this title." Bankruptcy Rule 3003(b)(1), which applies in Chapters 9 and 11 only, implements § 1111(a) and provides that the schedules filed under § 521(1) "shall constitute prima facie evidence of the validity and amount of the claims" which the debtor has listed as not disputed, contingent, or unliquidated. However, Rule 3002(a) provides that "[a]n unsecured creditor ... must file a proof of claim ... in accordance with this rule for the claim ... to be allowed, except as provided in Rules 3003, 3004 and 3005." The Advisory Committe note to Rule 3002(a) states that the rule "is substantially a restatement of the general requirement that claims be proved and filed." Section 1111(a) and Rule 3003 create an exception to this general rule. As long as the case remains in Chapter 11, there is no distinction between claims evidenced by an actual proof of claim, and claims "deemed filed" pursuant to § 1111(a). Confusion enters if the case is converted to Chapter 7, because present Rule 1019(4) states that "[a]ll claims filed in the superseded [Chapter 11] case should be deemed filed in the Chapter 7 case."[1]

---

1. To avoid just that kind of confusion, *Collier* advises that "[w]hen a Chapter 11 case is con-

Therefore, proofs of claim filed in the Chapter 11 case are carried over into the superseding Chapter 7 case by Rule 1019(4). The question becomes whether a scheduled claim "deemed filed" pursuant to § 1111(a) should also be carried over into the Chapter 7 case by Rule 1019(4) without requiring the creditor to file an actual proof of claim. In essence, can a scheduled claim be "deemed filed" in a Chapter 7 case if it is first filtered through Chapter 11. *Crouthamel* holds that such a claim can be deemed filed in the superseding Chapter 7 case, and the trustee urges us to reach the same result in this case.

The United States trustee has filed a bifurcated response to the trustee's motion. Ms. Greiman agrees that in this case the trustee should be permitted to distribute funds as he proposes, since the claims resolution process, normally done by the Chapter 7 trustee, had been substantially completed before the case converted from Chapter 11. However, the United States trustee also urges that we not base our approval of the trustee's request on the basis of *In re Crouthamel Potato Chip Co., supra.* The best argument advanced by the United States Trustee is that the result in *Crouthamel* will soon be superseded by proposed amendments to Bankruptcy Rule 1019(4), which will take effect later this year, unless Congress votes that they should not. *See* 28 U.S.C. § 2075. The prediction of the Administrative Office is that the amended rules will take effect sometime in August, 1987. Amended Rule 1019(4) will carry over into a Chapter 7 case only those "claims *actually* filed *by a creditor* in the superseded case" (emphasis in the original to show proposed changes).

■ Although it is inconsistent with the impending rules change, as well as with our personal preference as to the correct procedure, we will adopt the mutual suggestion of the trustee and United States trustee, i.e. that the particular facts of this case permit the allowance and payment of claims as proposed by the trustee. They both acknowledge that when a Chapter 11 debtor operates for a long time before or without the appointment of a Chapter 11 trustee, the claims information contained in its schedules is often outdated, inaccurate, or otherwise not easily verifiable, when the case is subsequently converted to Chapter 7. Requiring the filing of Chapter 7 proofs of claims in those cases allows the trustee to examine fresh claims firsthand, and to ascertain their validity without the worry of having to rely on stale information. In this case the Chapter 11 trustee was appointed early on, he has been involved throughout in examining claims, and has continued to do so as the Chapter 7 trustee. If the case had remained in Chapter 11, the scheduled claims would have been allowed and paid precisely as the trustee now proposes. In this case the main reason for conversion to Chapter 7 was to save the estate added Chapter 11 administrative expenses. Based on these considerations we adopt the suggestion of the trustee and the United States trustee that claims in this case should be paid as proposed. The pre-conversion investigation of scheduled claims by the Chapter 11 trustee served the same purpose as would the filing of new proofs of claim and reexamination of them by the Chapter 7 trustee. On the facts of this case, where the Chapter 11 trustee had negotiated and resolved a number of disputed claims, to require re-filing in the Chapter 7 would probably result in confusion to creditors who relied on the pre-conversion resolution of disputes regarding their claims.

■ Regarding future practice in Rhode Island, however, we agree with the Advisory Committee on Bankruptcy Rules which has rejected the *Crouthamel* approach by proposing the amendment to Rule 1019(4), which will require the filing of proofs of claim by scheduled creditors who have not already filed proofs of claim, when a case is converted from Chapter 11 to Chapter 7. Adopting the reasoning of the Third Circuit

verted to a Chapter 7 case, a proof of claim should be filed. It is the better practice, in any event, to file a proof of claim in the Chapter 11 case." 3 *Collier on Bankruptcy* ¶ 501.01 at 507–

3, 4 (15th ed. 1987). *Collier's* "better practice" is the best advice for any Chapter 11 creditor, even before the case converts.

regarding deemed filed claims would only be a temporary measure, until the amendments to the Rules become effective. Accordingly, we conclude that henceforth, in this district, and in anticipation of proposed Rule 1019(4), scheduled Chapter 11 creditors, who did not file proofs of claim in the Chapter 11 case, must file proofs of claim after a case is converted Chapter 7, in order for said claims to be eligible for allowance in the superseding Chapter 7 case. This ruling is applicable to all cases filed after the date of entry of this decision.