**In the Matter of WEST JOHNSON CORPORATION, Debtor.**

**Bankruptcy No. MM7–86–00916.**

United States Bankruptcy Court, W.D. Wisconsin.

July 27, 1988.

Gregory J. Paradise, Mohs, MacDonald & Widder, Madison, Wis., for Frederic E. Mohs and Nathan F. Brand.

Kevin G. Fitzgerald, Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis., for Madison Gas and Elec. Co.

Dan Hildebrand, Ross & Stevens, S.C., Madison, Wis., for debtor.

**3.** This includes the $53.76 payment stipulated to

Patricia M. Gibeault, Axley Brynelson, Madison, Wis., Trustee.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

West Johnson Corporation continued to operate its restaurant business after filing a chapter 11 petition on April 17, 1986. The case was converted to chapter 7 on December 15, 1986. After conversion the debtor filed with the court the required updated schedules and mailing matrix. Madison Gas & Electric (hereafter "MG & E") was listed on both schedule A–3 and the mailing matrix. MG & E had provided utility service to the debtor during the pendency of the chapter 11 case. Also listed on schedule A–3 and the mailing matrix were Nathan Brand and Frederic Mohs (hereafter collectively "landlords"). Both MG & E and the landlords were sent notices of the section 341 meeting by the clerk of court. On the notices, creditors were advised to file their claims prior to the bar date of April 20, 1987.

MG & E did not file any sort of proof of claim until January 25, 1988, when it filed a request for administrative expense priority under sections 503 and 507. The landlords similarly filed no proof of claim, but requested administrative expense payments on February 17, 1988, for rent due them for the period of the pendency of the chapter 11 case.

The trustee objected to the administrative expense requests of both MG & E and the landlords on the basis that neither had filed a proof of claim prior to the bar date set in the chapter 7 case. The motions of MG & E and the landlords were consolidated for hearing, and were heard on March 15, 1988. The procedural question of whether upon conversion of a case from a chapter 11 to a chapter 7 an otherwise valid administrative expense claim must be filed as a proof of claim in order to be allowed was taken under advisement. Excellent briefs from all three parties have been filed with the court, and this issue is now ripe for decision.

by Cardinal as a preferential payment.

This seems to be a case of first impression. No case directly addressing the correct procedure for claiming chapter 11 administration expenses in a converted case has been cited in the briefs. After reviewing related law and considering the purposes served by the procedures in question I have concluded that the need for orderly administration and the lack of any opposing statutory or policy direction suggest that the correct procedure is to require holders of administrative claims to file proofs of those claims within the time set in the converted case.

The starting point for the analysis is Rule 3002(a), which states:

An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 1019(4), 3003, 3004, and 3005.

The rule requires the filing of a proof of claim by all unsecured creditors, except as specifically excepted.[1] None of the statutory exceptions apply to the claims in question. Nor does the fact that a claim is entitled to priority alter its status as unsecured. MG & E and the landlords are creditors with unsecured claims subject to Bankruptcy Rule 3002(a).

An exception from Bankruptcy Rule 3002(a) for administration expenses is discussed in *In re Parker*, 15 B.R. 980 (Bankr. E.D.Tenn.1981), *aff'd* 21 B.R. 692 (E.D. Tenn.1982). Although *Parker* was a chapter 13 case which was never converted, the court there stated:

Administrative expenses are paid without the filing of a proof of claim. Only a 'request' for payment is required. 11 U.S.C. § 503(a). See also 9A Am.Jur.2d, Bankruptcy § 582 (1980).

*Id.* at 982. This reading of section 503(a) was upheld upon *Parker's* subsequent appeal to the district court. (*See In re Parker*, 21 B.R. 692 (E.D.Tenn.1982)). *Parker* and the proposition that a holder of an administrative expense claim need not file a proof of claim, has been applied in the chapter 11 setting. *In re Chicago Pacific Corp.*, 773 F.2d 909, 917 (7th Cir.1985). In *Chicago Pacific*, the Seventh Circuit Court of Appeals, while not allowing the administrative expense claim for other reasons, assumed "arguendo" that an administrative expense claim in that chapter 11 case was not governed by bar dates and need not be evidenced by a proof of claim. *Id.* at 917.

The *Parker* exception recognizes that section 503(a) suggests a permissive procedure which allows creditors who provide services to the estate to request payment for those services after the claims bar date. Administrative claims may continue to accrue throughout the administration of a case, right up to closing. During the pendancy of a chapter 11 case administration expense claims often remain indefinite as to final amount. However, upon conversion administration expenses incurred during the chapter 11 phase can be accurately determined and totalled.

In the present case, both moving parties are seeking administrative expense priority

---

1. Although I am aware of the following discussion of an administrative expense claimant's status as a creditor and capacity to file a claim in *In re Mansfield Tire & Rubber Co., Inc.*, 73 B.R. 735, 738 (Bankr.N.D.Ohio 1987), I believe it elevates the mistaken notion that what is not specifically included is excluded to a status which produces a ridiculous result.

It is undisputed that the April 6, 1984 proof of claim pertains only to post-petition liabilities and that post-petition claims are not to be filed as a proof of claim. Section 501(a) of the Bankruptcy Code provides '[A] creditor or indenture Trustee may file a proof of claim.' Creditor is defined in Section 101(9) of the Bankruptcy Code as follows:

'creditor' means—

(A) entity that has a claim against the debtor *that arose at the time of or before the order for relief* concerning the debtor;

(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or

(C) entity that has a community claim. (Emphasis added.) Clearly, the Treasurer does not qualify as a creditor with regard to *post-petition* taxes for the purpose of filing a proof of claim. A request for payment under Section 503 of the Bankruptcy Code is the appropriate vehicle by which a post-petition creditor may pursue its claim against an estate. Accordingly, the Treasurer's April 6, 1984 proof of claim will be disallowed, *as a proof of claim.*

for services rendered only during the pendency of the chapter 11 case. Upon conversion of the case, their claims "firmed up" and became definite in amount. Since the claims were definite in amount well prior to April 20, 1987, there seems to be no reason why timely proofs of claim could not have been filed.

Further reasons for requiring timely filing of proofs of claim were articulated in *In re Hof Brau, Inc.*, 73 B.R. 72 (Bankr.D. R.I.1987). In *Hof Brau*, the court was considering the requirement of holders of claims which were deemed filed in a chapter 11 case to file a proof of claim upon conversion to a chapter 7. Although that court decided that on the facts presented the holders of such claims need not file proofs of claim, it stated that:

> when a Chapter 11 debtor operates for a long time before or without the appointment of a Chapter 11 trustee, the claims information contained in its schedules is often outdated, inaccurate, or otherwise not easily verifiable, when the case is subsequently converted to Chapter 7. Requiring the filing of Chapter 7 proofs of claims in those cases allows the trustee to examine fresh claims firsthand, and to ascertain their validity without the worry of having to rely on stale information.

*Id.* at 74. In the case at bar, no reason has been stated why the claimants, knowing exactly the amount of their claims for the services provided to the estate during the chapter 11, could not have furnished the trustee with fresh information relating to the amount of their claims by filing proofs of claims prior to the chapter 7 bar date.

The policy considerations of certainty and ease of administration of cases would be served by requiring a holder of an administrative expense claim to file a proof of claim upon conversion. Although the clear statement of the filing requirement in Rule 3002(a) has been clouded by the court created exception in *Parker*, that exception should be extended only when justified by compelling policy concerns. The strongest argument for the claimants seems to be that they have relied on a broad reading of the *Parker* exception. The facts of that case and those of subsequently decided cases cited appear to reflect the court's concerns in continuing cases, not those in which the claimed administrative expenses have been affected by conversion. The claimants also suggest that they relied on practices in this court based on their broad reading of *Parker*. However, there is no proof that standards of practice in this court or elsewhere support the reasonableness of the creditors alleged reliance. In fact, claims are often filed in this district on behalf of administrative expense claimants whose claims have become determined.

Section 348(d), dealing with the effects of conversion, intimates that claims arising during the pendency of the chapter 11 case, and before conversion, should be treated as though they arose prior to the filing of the petition in the chapter 11 case. This section, however, expressly exempts from such treatment all claims "specified in section 503(b) of this title[.]" The claims of MG & E and the landlords are the type "specified in section 503(b) of this title[.]" Thus, the claims of MG & E and the landlords should not be treated as prepetition claims. It does not follow, however, that such claims need not file proofs of claim upon conversion. Section 348(d) excepts administrative expense claims as an acknowledgement that such claims may acquire a priority payment status in the chapter 7 case. *In re Iberis International, Inc.*, 72 B.R. 624 (Bankr.W.D.Wis.1986). It does not create, nor prohibit a procedure for the submission of such claims upon conversion of a case. In short, section 348(d) does not concern itself with procedure, and the issue in the case at bar is wholly procedural.

My holding in this case may be interpreted as being at odds with the holding of *In re Blue Ribbon Delivery Services, Inc.*, 31 B.R. 292 (Bankr.W.D.Ky.1983), so, I will briefly address that case. In *Blue Ribbon Delivery* the court concluded that the fact of conversion alone does not alter the character of an administrative expense claim, and that if such a claim is allowable in a chapter 11 case, it is equally allowable if

the case thereafter changes chapters. *Id.* at 293. *Blue Ribbon* does not deal with the procedural issues which are at the center of our case. Upon conversion of a case, the character of the administrative expense claims does not change, but, the procedure for submitting the claims does. Where the holder of an administrative expense claim in a chapter 11 case is listed in the debtor's schedule A–3 filed upon conversion to a chapter 7, and the holder receives notice of the need for filing proofs of claim and the time within which those claims must be filed, the holder of the administrative expense claim ought not be permitted to lie in ambush of the unsuspecting chapter 7 trustee. It is simple enough to file a proof of claim by the bar date set in the chapter 7 in order to be entitled to such administrative expense claim.

I do not find the reasons advanced for a special exception to the general claims filing procedure for administrative expenses in a prior case are as compelling as the need of the chapter 7 trustee to be able to accurately determine the status of case administration by reviewing timely filed claims. Many of the trustee's decisions may be directly or indirectly affected by the estimated distributions to various classes of creditors. Those estimates can only be as accurate as the known claims. To defer the receipt of the information contained in the claims without a substantial cause would be unjustified.

For the reasons set forth herein the requests for payment of administrative expenses by MG & E and the landlords must be denied. An order may be so entered.