In re LISSNER
CORPORATION, Debtor.

UNITED STATES of America,
Appellant,

v.

William A. BRANDT, Jr., as Trustee in Bankruptcy for Lissner Corporation, Appellee.

Nos. 90 C 2932, 85 B 12267.

United States District Court,
N.D. Illinois, E.D.

Sept. 17, 1990.

D. Patrick Mullarkey, Steven E. Cole, Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellant.

Marilyn I. Kosin, Towbin & Zazove, Ltd., Chicago, Ill., for appellee.

## MEMORANDUM ORDER

BUA, District Judge.

The Internal Revenue Service ("IRS") has asserted a claim for administrative expenses incurred by the debtor in this bankruptcy proceeding. In disallowing the IRS's claim, the bankruptcy court held that the claim was untimely filed. The IRS now appeals that ruling. For the reasons stated herein, the decision of the bankruptcy court is affirmed.

## I. FACTS

The debtor in this case, Lissner Corporation ("Lissner"), filed a Chapter 11 bankruptcy petition on September 18, 1985. The case was voluntarily converted to a Chapter 7 liquidation proceeding on November 25, 1985. Following the conversion, the bankruptcy court appointed William A. Brandt, Jr. as trustee for the Lissner estate. The bankruptcy court subsequently entered an order fixing June 11, 1986 as the "bar date"—the last day for the filing of claims by creditors. The order was addressed "to the debtor, creditors, and other parties in interest," and served by mail upon all parties, including the IRS.

On June 12, 1986, one day after the bar date, the IRS filed two claims against Lissner. The first claim involved $10,349.96 in taxes due and owing for the 1984 calendar year and the first half of 1985.[1] The second claim, which is the subject of this appeal, encompasses $12,046.63 in Heavy Vehicle Use and Federal Unemployment Tax Act ("FUTA") taxes owed by Lissner. Lissner incurred the Heavy Vehicle Use

taxes between September 18, 1985 and September 30, 1985. The FUTA taxes were incurred between September 18, 1985 and December 31, 1985.

After the IRS filed its claims, the trustee of the Lissner estate leveled an objection. The trustee argued that the claims were barred because they were not filed prior to the June 11, 1986 bar date. The bankruptcy court agreed, and completely disallowed the IRS's claims. This appeal ensued.

## II. DISCUSSION

Ordinarily, the bar date set in a Chapter 7 case applies to claims that arose prior to the filing of the Chapter 7 petition. *See In re Johnson*, 901 F.2d 513, 515 n. 1, 518 (6th Cir.1990). But when a case is converted from Chapter 11 to Chapter 7, the applicability of the bar date is not as straightforward. To resolve this matter, the court must not only consider the type of claim involved, but also the time period during which the claim arose.

▆ Both parties agree that the tax liabilities incurred by Lissner constitute "administrative expenses" within the meaning of the Bankruptcy Code.[2] Administrative expenses include the costs of preserving the estate during the pendency of the bankruptcy proceedings. In general, administrative expense claims are given first priority status over all other unsecured claims. *See* 11 U.S.C. § 507(a)(1) (1982). To recover administrative expenses, an administrative expense claimant may file a "request for payment." 11 U.S.C. § 503(a) (Supp. 1990). Unfortunately, the Bankruptcy Code does not specify the time by which a request for payment shall be made.

---

1. The IRS has conceded that this claim was not timely filed. *See Appellant's Brief*, at 2 n. 1. Therefore, the first claim is not at issue in this case.

2. Administrative expenses are governed by 11 U.S.C. § 503, which provides in relevant part:
   **Allowance of administrative expenses**
   (a) An entity may file a request for payment of an administrative expense.
   (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title,

including—
   (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;
   (B) any tax—
   (i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title;
   · · ·
   · · · ·
11 U.S.C. § 503(a), (b) (Supp.1990).

In contrast to the lack of statutory guidance with respect to the filing of an administrative expense claim, the Bankruptcy Rules set forth the procedure for asserting a claim which arose prior to the filing of the bankruptcy petition. *See* Fed.Rs. Bankr.P. 3001–3008. A creditor may assert a prepetition claim by filing a written statement known as a "proof of claim." 11 U.S.C. § 501(a) (1982). The "proof of claim" must be filed "within 90 days after the first date set for the meeting of creditors." Fed.R.Bankr.P. 3002(c).

The IRS contends that the bankruptcy court failed to recognize the distinction between "proofs of claims" and "requests for payment" when it applied the proof of claim bar date to the IRS's administrative expense claim. According to the IRS, the bar date applies only to "proofs of claims" filed by "creditors," and not administrative expense claims filed by administrative expense claimants.

The question presented on appeal is whether the Chapter 7 bar date applies to Chapter 11 administrative expense claims. This issue is complicated by the fact that some of the FUTA taxes were incurred after the case was converted to Chapter 7. Since none of the Heavy Vehicle Use taxes were incurred after the conversion, the court will consider the Heavy Vehicle Use and FUTA tax claims separately.

### A. Heavy Vehicle Use Taxes

■ Lissner incurred the Heavy Vehicle Use taxes after the filing of its Chapter 11 petition but prior to the conversion to Chapter 7. As the court previously indicated, the Bankruptcy Code is silent with respect to the filing of such postpetition, preconversion administrative expense claims. The court, therefore, must look to the

Bankruptcy Rules for guidance. *See In re Bondi's Valu–King, Inc.,* 102 B.R. 108, 111 (Bankr.N.D. Ohio 1989); *see also* 3 Collier on Bankruptcy ¶ 503.01, at 503–4 n. 4 (15th ed.1990).

In conversion cases, the filing of claims is governed by Bankruptcy Rule 1019.[3] When a Chapter 11 case is converted to Chapter 7, the debtor in possession or trustee must file a schedule of debts. Fed. R.Bankr.P. 1019(6). This schedule includes postpetition, preconversion debts. *Id.* After the schedule of debts is filed, the court notifies the parties—including the federal government—that they must file proofs of claims. Fed.R.Bankr.P. 1019(7). Rule 1019 does not provide that claimants may file either proofs of claims or requests for payment of administrative expenses. *In re Johnson,* 901 F.2d at 519; *In re Transouth Truck Equip., Inc.,* 87 B.R. 937, 939 (Bankr.E.D.Tenn.1988). Rather, the Rule only directs postpetition, preconversion claimants to file proofs of claims. *In re Johnson,* 901 F.2d at 519; *In re Transouth,* 87 B.R. at 939. The IRS acknowledges that it was included in the schedule of debts and that it received notice of the bar date. Consequently, when the case was converted to Chapter 7, the IRS was required to file a proof of claim. "The drafters of Rule 1019(7) chose to require the various governments to file proofs of claims, even though most government tax claims will be entitled to administrative expense priority." *In re Transouth,* 87 B.R. at 939. Having failed to timely file a proof of claim, the IRS is now precluded from asserting a claim for postpetition, preconversion administrative expenses.

In deciding that administrative expense claimants are required to file proofs of

---

**3.** Rule 1019 provides in pertinent part:

**Conversion of Chapter 11 Reorganization Case or Chapter 13 Individual's Debt Adjustment Case to Chapter 7 Liquidation Case**

. . . .

**(6) Filing final report and schedule of postpetition debts.** Each debtor in possession or trustee in the superseded case shall file with the court a final report and account within 30 days following the entry of the order of conversion, unless the court directs otherwise. The report shall include a sched-

ule of unpaid debts incurred after commencement of the chapter 11 case. . . .

**(7) Filing of postpetition claims; notice.** On the filing of the schedule of unpaid debts, the court shall order that written notice be given to those entities, including the United States, any state, or any subdivision thereof, that their claims may be filed within 60 days from the entry of the order, pursuant to Rule 3001(a)-(d). . . .

. . . .

Fed.R.Bankr.P. 1019.

claims upon conversion, this court emphasizes that every other court which has considered this issue has reached the same conclusion. *See In re Johnson*, 901 F.2d at 519; *In re Bondi's*, 102 B.R. at 112; *In re West Johnson Corp.*, 96 B.R. 182, 184–85 (Bankr.W.D.Wis.1988); *In re Transouth*, 87 B.R. at 940.[4] In the interest of administrative efficiency and finality, it is entirely reasonable to require Chapter 11 claimants to file proofs of claims upon conversion. *See In re Johnson*, 901 F.2d at 519; *In re West Johnson Corp.*, 96 B.R. at 184. If such administrative expense claimants were not required to file proofs of claims, the newly appointed Chapter 7 trustee would be deprived of information necessary for the effective administration of the estate. The original Chapter 11 petition obviously does not reflect the debts incurred during the pendency of the Chapter 11 proceeding. *In re Bondi's*, 102 B.R. at 111. Moreover, the claims information contained in the debtor's schedules may be outdated or otherwise inaccurate when the case is converted. *In re Hof Brau, Inc.*, 73 B.R. 72, 74 (Bankr.D.R.I.1987). By filing proofs of claims, administrative expense claimants will provide the trustee with notice of the various claims asserted against the debtor's estate. The trustee will then be able to evaluate the status and validity of such claims with greater accuracy. *See id.; In re West Johnson Corp.*, 96 B.R. at 185. This court is confident that the application of the bar date to postpetition, preconversion administrative expense claims will further the ultimate goal of the Bankruptcy Rules—*i.e.*, "to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed.R. Bankr.P. 1001; *In re Johnson*, 901 F.2d at 519; *In re Bondi's*, 102 B.R. at 112.

The IRS argues that Bankruptcy Rule 1019 does not require administrative expense claimants to file proofs of claims. According to the IRS, such a requirement would conflict with 11 U.S.C. § 348, a statutory provision dealing with the effect of conversion.[5] Section 348(d) indicates that claims arising after the filing of the Chapter 11 petition and prior to conversion shall be treated as prepetition claims, which are subject to the Chapter 7 bar date. *See* 11 U.S.C. § 348(d) (Supp.1990). That section, however, creates an exception for administrative expense claims "specified in section 503(b)." *Id.* The IRS interprets this exception to mean that administrative expenses incurred in the Chapter 11 proceed-

---

**4.** In support of its position, the IRS essentially relies on two cases. *See In re Crisp*, 92 B.R. 885 (Bankr.W.D.Mo.1988); *In re Parker*, 15 B.R. 980 (Bankr.E.D.Tenn.1981), *aff'd*, 21 B.R. 692 (E.D. Tenn.1982). Neither of these cases, however, involved the precise issue that is presented in the instant case. *In re Crisp* involved the superpriority status of postconversion administrative expenses under 11 U.S.C. § 726(b). The court in that case was only concerned with the allocation of funds to satisfy the superpriority claims, and it did not address the filing procedures for postpetition, preconversion administrative expense claims. Thus, *In re Crisp* is not analogous to the case at bar. Likewise, the decision in *In re Parker* is inapposite. In that case, the court held that the debtors' attorney was not required to file a proof of claim to recover his fees in a Chapter 13 case. *In re Parker*, 15 B.R. at 982. Unlike the case at bar, *In re Parker* did not involve conversion under Bankruptcy Rule 1019. Cases that have not been converted present distinct procedural and timing concerns in regards to administrative expenses. *In re Johnson*, 901 F.2d at 521. Moreover, the very same judge who decided *In re Parker* later ruled that an administrative expense claimant is required to file a proof of

claim when a case is converted. *See In re Transouth*, 87 B.R. at 939. The *In re Transouth* court left little doubt that *In re Parker* is distinguishable. *See id.* at 943.

**5.** Section 348, which is implemented by Fed.R. Bankr.P. 1019, provides as follows:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

. . . .

(d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1307, or 1208 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

. . . .

11 U.S.C. § 348(a), (d) (1982 & Supp.1990).

ing are not treated as prepetition expenses. But even if this interpretation is correct, § 348 does not excuse the IRS from filing a proof of claim. That provision does not even address the procedural requirements for filing administrative expense claims when a case is converted. *In re West Johnson Corp.*, 96 B.R. at 184; *In re Bondi's*, 102 B.R. at 111. Instead, the exception in § 348(d) simply acknowledges the fact that administrative expense claims are to maintain their priority status in the Chapter 7 case. *See In re Johnson*, 901 F.2d at 520 (the "exception in 348(d) indicates that administrative expenses maintain their priority status"); *In re Bondi's*, 102 B.R. at 111 ("§ 348(d), which provides special treatment for preconversion claims, expressly omits § 503(b) administrative claims from its treatment, thereby permitting them to retain their priority"); *In re West Johnson Corp.*, 96 B.R. at 184 ("[s]ection 348(d) excepts administrative expense claims as an acknowledgement that such claims may acquire a priority payment status in the chapter 7 case"); *In re Transouth*, 87 B.R. at 941 ("[t]his exception obviously maintains the priority of the chapter 11 administrative expense claims"). Contrary to the IRS's position, § 348 does not maintain a distinction between administrative expense claimants and other creditors with respect to the filing of claims upon conversion. *In re Johnson*, 901 F.2d at 520.

The IRS also argues that the Bankruptcy Code contemplates different procedures for the recovery of administrative expenses and prepetition claims. In support of this argument, the IRS points out that a proof of claim is "deemed allowed" unless a party in interest files an objection. 11 U.S.C. § 502(a) (Supp.1990). In contrast, § 503(b) states that an administrative expense claim is allowed "after notice and a hearing." 11

U.S.C. § 503(b) (Supp.1990). Section 503(b), however, does not require the court to conduct a hearing for every administrative expense claim. *In re Transouth*, 87 B.R. at 940. An administrative expense claimant is only entitled to "such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A) (1982).[6] Naturally, a hearing will not be appropriate in every situation. During the course of the bankruptcy proceedings, the debtor may incur numerous business expenses. To require a hearing for every administrative expense claim, even if the claim is not disputed, would be unduly burdensome and costly to the parties and the court. *In re Transouth*, 87 B.R. at 940. It is more appropriate to require a hearing only when there is an objection to the claim. *Id.* As the court noted in *In re Transouth*, " '[a]fter notice and a hearing' includes notice and an opportunity to object and have a hearing on the objection." *Id.* (citing 11 U.S.C. § 102(1)). In this court's view, § 503(b) does not categorically require a hearing. If no objections are filed, there is no reason to conduct a hearing before allowing the claim. Therefore, applying the proof of claim procedure to an administrative expense claim will not conflict with § 503(b). *Id.*

If this case did not involve conversion, the IRS's arguments might be more compelling. In cases that are not converted, it would be unreasonable to require administrative expense claimants to file proofs of claims prior to the bar date. Administrative expenses may continue to accrue until the estate is closed; therefore, such expenses cannot be fully calculated prior to the bar date. *In re West Johnson Corp.*, 96 B.R. at 183. But when a case is converted, the preconversion administrative

---

**6.** Under 11 U.S.C. § 102, "after notice and a hearing" should be interpreted as follows:
  In this title—
    (1) "after notice and a hearing", or a similar phrase—
      (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is given properly and if—
      (i) such a hearing is not requested timely by a party in interest; or
      (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;
11 U.S.C. § 102(1) (1982).

expenses are no longer contingent. *In re Bondi's*, 102 B.R. at 111. At that point in time, the expenses incurred become definite and readily ascertainable. *Id.* at 112; *In re West Johnson Corp.*, 96 B.R. at 183. Once the expenses become definite they can be filed as proofs of claims. *In re Bondi's*, 102 B.R. at 112; *In re West Johnson Corp.*, 96 B.R. at 184.

Quite frankly, this court sees no reason why the IRS should not have filed a proof of claim prior to the bar date. Upon receiving notice of the claims bar date, the IRS should have been alerted to file a proof of claim. *In re Johnson*, 901 F.2d at 520. "When the holder of a claim that arose during the chapter 11 case receives notice that the case has been converted to chapter 7 and that 'creditors' must file proofs of claims, the obvious, the common sense, and the safe thing to do is file a proof of claim within the time allowed." *In re Transouth*, 87 B.R. at 941. After the case was converted, the IRS had over six months to assert its tax claims. This period of time was more than adequate to calculate the Heavy Vehicle Use taxes owed by Lissner.[7] Yet, the IRS chose not to take any action whatsoever. Having failed to file a proof of claim prior to the bar date, the IRS is barred from asserting its claim for Heavy Vehicle Use taxes.

## B. FUTA Taxes

■ In addition to its claim for Heavy Vehicle Use taxes, the IRS asserts a claim for FUTA taxes that Lissner incurred between September 18, 1985 and December 31, 1985. According to the IRS, these taxes did not accrue until December 31, 1985— one month after the case was converted to Chapter 7. Despite the fact that the bulk of the taxes arose during the Chapter 11

proceeding, the IRS contends that the entire tax claim is an administrative expense of the Chapter 7 estate. The IRS further contends that the FUTA taxes, as postconversion administrative expenses, are not subject to the Chapter 7 bar date.[8]

The IRS, however, has not presented any persuasive authority which suggests that the FUTA taxes should be attributed entirely to the Chapter 7 estate. The FUTA taxes arose during the Chapter 11 proceeding and the majority of the taxes were sustained prior to conversion. This court has already ruled that a Chapter 11 administrative expense claimant must file a proof of claim upon conversion. Thus, to the extent the FUTA taxes arose prior to the conversion, the IRS was required to file a proof of claim. After all, the IRS was included in the schedule of postpetition debts and notified of the filing deadline. The IRS has not demonstrated that it was unable to calculate the FUTA taxes prior to the June 11, 1986 bar date. Since the IRS has not shown cause for its failure to file a proof of claim, it is barred from asserting a claim for postpetition, preconversion FUTA taxes.

With respect to the FUTA taxes incurred by the Chapter 7 estate after the conversion, the IRS was not required to file a proof of claim. The trustee does not contend that the postconversion taxes were subject to the bar date. To the contrary, the trustee states that these taxes have already been paid in full. To the extent that the trustee has not paid the FUTA taxes which arose after November 25, 1985, the date of conversion, the IRS is permitted to assert a claim for postconversion administrative expenses.

7. If the IRS did not have a sufficient amount of time to fully calculate its claim, it could have filed an estimated claim, and then amended the claim if necessary. *In re Johnson*, 901 F.2d at 522. At a minimum, the IRS should have moved for an extension of time. *See* Fed.R. Bankr.P. 3002(c)(1). The IRS made no attempt to meet the filing deadline.

8. In response, the trustee argues that the IRS did not present this issue to the bankruptcy court and, therefore, it should not be considered on appeal. Nonetheless, the district court has

the authority to consider any issue presented by the record, even if it was not addressed by the bankruptcy court. *In re Pizza of Haw., Inc.*, 761 F.2d 1374, 1379 (9th Cir.1985); *In re Weeks, Thomas & Lysaught, Chartered*, 97 B.R. 46, 46–47 (D.Kan.1988). Although the bankruptcy court did not address the issue of whether the IRS's FUTA tax claim is to be characterized as a Chapter 7 administrative expense, that issue is reflected in the record on appeal and it will be considered by this court.

### III. CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is affirmed.

IT IS SO ORDERED.