**In re PRO SET, INC., Debtor.**

**Bankruptcy No. 392–37416–HCA–11.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

March 8, 1996.

Lynn Hamilton Butler, Assistant Attorney General, Office of the Attorney General of the State of Texas, Collections Division/Bankruptcy Section, Austin, Texas, for the Texas Comptroller of Public Accounts.

Judith Elkin, Haynes & Boone, L.L.P., Dallas, Texas, for Morgan Guaranty Trust Company of New York.

Daniel J. Sherman, Trustee, Sherman & Yaquinto, Dallas, Texas.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came before the Court for consideration the Motion for Authority to File Objection to Allowance of Chapter 11 Administrative Expense Claim of Morgan Guaranty Trust Company of New York ("Motion" or "Motion for Authority") filed by the Texas Comptroller of Public Accounts ("Comptroller") and the Objection of Morgan Guaranty Trust Company of New York ("Morgan") to the Motion. With the Motion, the Comptroller requests the Court to grant it authority to file any pleadings necessary to object to Morgan's Chapter 11 administrative expense and to request subordination or disallowance of such expense. Morgan takes no position on whether or not the Comptroller, as an alleged creditor of the Debtor, is required to get Court approval to file these pleadings. Morgan otherwise objects to the relief requested, however, because Morgan contends that no purpose would be served by the filing of the Comptroller's objection.

The Court finds that this is a core proceeding pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(A), –(B), & –(O).

### Authority to File Objection

 Section 502(a) of Title 11 of the United States Code ("Bankruptcy Code") provides that a claim, proof of which is filed, is deemed allowed unless a party in interest objects. The Comptroller, as a creditor of the bankruptcy estate, is a party in interest and may object to claims. 3 *Collier on Bankruptcy* ¶ 502.01, at 502–13 (Lawrence P. King ed., 15th ed. 1995). The Comptroller requests the Court's permission to object, however, because courts have found that § 704(5) endows a Chapter 7 trustee with the exclusive authority to object to claims. *See, e.g., Kowal v. Malkemus (In re Thompson),* 965 F.2d 1136, 1147 (1st Cir.1992); *Collier on Bankruptcy, supra,* ¶ 502.01, at 502–13 (discussing restrictions on the right of a creditor to object to claims). In this case, the Chapter 7 Trustee has consented to the filing of the objection by the Comptroller, and Morgan does not take a position with regard to whether or not the Comptroller has authority to file an objection to claim. For these reasons, the Court finds that the Comptroller may file an objection to claim in this instance.

### The Comptroller's Objection

Although the Comptroller requests only permission to file an objection to claim, the Comptroller briefed its substantive objection to Morgan's administrative expense. Morgan filed an objection in response to the Motion in which its attorneys briefed in even greater detail its legal argument in opposition to the Comptroller's proposed objection to claim. On November 30, 1995, the Comptroller filed a reply to Morgan's objection. The key issues raised by these pleadings are (1) whether or not Morgan was required to file an actual proof of claim form asserting its Chapter 11 administrative expense by the Chapter 7 bar date; and (2) whether Morgan's Chapter 11 administrative expense should be disallowed for its failure to file a proof of claim, or subordinated for filing a late proof of claim.[1] Because of the extensive briefing by the parties on the issues prior to the hearing on the Motion, the Court directed the parties to present oral argument on the issues and told the parties it would then rule on them without requiring the Comptroller to file an additional pleading. The Court will treat the Motion as an objection to claim per Federal Rule of Civil Procedure 8. Following the hearing, the parties

---

1. At the time the Comptroller filed its Motion for Authority, Morgan had not filed a proof of claim. In the Motion, the Comptroller recognized the possibility that Morgan might file a late claim. Morgan did file a late claim following the filing of the Comptroller's Motion.

filed additional pleadings in which they elaborated on their arguments.[2]

## Factual Background

Pro Set, Inc. ("Debtor") filed a petition under Chapter 11 of the Bankruptcy Code on August 20, 1992 ("Petition Date"). Subsequently, the Court authorized the Debtor to incur secured, superpriority administrative indebtedness under § 364(c) & –(d) of the Bankruptcy Code by two orders entered on September 28, 1992, and October 16, 1992 (collectively, the "First Financing Orders"). Morgan is defined as the Lender. (September 28, 1992, Order at 3.) The September 28, 1992, order provides that

> [t]he credit extended by Lender and the indebtedness incurred by the Debtor as provided in this Order are actual and necessary costs and expenses of preserving the estate of Debtor and are allowable as administrative expenses in accordance with the provisions of Sections 503(b)(1) and 507(a)(1) of the Bankruptcy Code.

(September 28, 1992, Order at 4.) The order also provided that "[t]he Lender has agreed to extend credit to Debtor ... only upon the terms and conditions set forth in this Order, including without limitation the granting of superpriority status under Section 364(c)(1) of the Code...." (September 28, 1992, Order at 4–5.) The Court granted superpriority status to amounts lent by Morgan postpetition. (September 28, 1992, Order at 11–12.) In addition to granting Morgan superpriority administrative status, the Court granted Morgan a security interest in certain property of the Debtor pursuant to 11 U.S.C. §§ 364(c)(2), 364(c)(3), and 364(d)(1). (September 28, 1992, Order at 9–10.)

Morgan's obligation to make advances of funds terminated on December 31, 1992. (September 28, 1992, Order at 7.) The Court entered two additional orders on December 24, 1992, and March 17, 1993, that authorized the Debtor to continue to incur debt under the same terms as the First Financing Orders with some modifications. These orders contain provisions similar or identical to the provisions discussed above. (December 24, 1992, Order at 4–5, 10, 12–13; March 17, 1993, Order at 4, 5, 10, 11, 12.)

Although the Debtor's plan of reorganization was confirmed on June 3, 1994, it was never consummated. The bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code by order entered on September 22, 1994. The Clerk for the United States Bankruptcy Court for the Northern District of Texas mailed out a Notice of Commencement of Case Under Bankruptcy Code Chapter 7 about September 28, 1994. The notice indicated that creditors were required to file a proof of claim except as otherwise provided by law and that failure to file a proof of claim could deprive creditors of their property rights in the Debtor's bankruptcy estate. The notice provided that claims were to be filed by January 17, 1995 ("Bar Date"), and that proof of claim forms were available in the Clerk's Office of any United States Bankruptcy Court.

On September 29, 1994, Morgan filed a motion for relief from the automatic stay ("Stay Motion") imposed by 11 U.S.C. § 362 as to certain of its collateral. On November 1, 1994, after notice and hearing, the Court entered an order lifting the automatic stay ("Stay Order") to enable Morgan to take any action appropriate under applicable state law to foreclose, sell, or otherwise dispose of its collateral. Morgan did not file a proof of claim until after the Comptroller filed its Motion for Authority, which was long after the Bar Date.

## Discussion

The Comptroller objects to Morgan's Chapter 11 administrative expense because of Morgan's failure to file a proof of claim asserting the expense or any deficiency arising from a foreclosure on its collateral. The Comptroller asserts that Morgan's expense should be disallowed for its failure to file a proof of claim or, in the event that Morgan files a late proof of claim, subordinated. The Court finds, however, that Morgan was not

---

**2.** There is some confusion about whether the Court authorized the parties to file supplemental briefs. In its December 20, 1995, reply to Morgan's supplemental objection, the Comptroller stated that it did not understand the Court to indicate that the parties could file supplemental pleadings. Regardless, the Court has considered the pleadings, which have not had significant impact on this Court's ruling.

required to file a proof of claim for its administrative expense.[3] As a result, the Court will not reach the issue of whether or not it should disallow or subordinate Morgan's expense.

The financing orders entered by the Court describe the amounts loaned by Morgan as administrative expenses and provide that such amounts have a "superpriority" under the provisions of § 364(c)(1). (*See, e.g.,* September 28, 1992, Order at 4, 11.) Although the Code[4] does not provide that amounts loaned pursuant to § 364(c)(1) are to be designated as "superpriority," it would seem that the effect of the statutory language is to do so, as such expense is to be paid ahead of other administrative expenses. *See* 11 U.S.C. § 364(c)(1). In addition, although the Code does not characterize amounts loaned pursuant to § 364(c)(1) as an administrative expense, such amounts would be administrative expenses pursuant to 11 U.S.C. § 503(b). Section 503 of the Code is the statutory provision governing the allowance of administrative expense claims.

■ Section 503 provides that an entity may file a request for payment of an administrative expense which the court shall allow after notice and hearing. 11 U.S.C. § 503.[5] In contrast, the Code directs a creditor to file a proof of claim. 11 U.S.C. § 501; *see NL Industries, Inc. v. GHR Energy Corp.,* 940

F.2d 957, 966 (5th Cir.1991) (noting that administrative expense claimants are to file requests for payment rather than proofs of claim), *cert. denied,* 502 U.S. 1032, 112 S.Ct. 873, 116 L.Ed.2d 778 (1992); *In re Packard Properties, Ltd.,* 118 B.R. 61, 63 (Bankr. N.D.Tex.1990) (McGuire, C.J.) (same). Section 502 governs allowance of claims. Although the Federal Rules of Bankruptcy Procedure ("Rules") provide specific procedures and deadlines for the filing of proofs of claims, neither the Rules nor the Code provide specific procedures for how or when a § 503 request for payment should be made.[6] *In re Transouth Truck Equipment, Inc.,* 87 B.R. 937, 938 (Bankr.E.D.Tenn.1988); *see United States v. Brandt (In re Lissner),* 119 B.R. 143, 144–45 (N.D.Ill.1990); Fed. R.Bankr.P. 3002–3005 (specifying procedures for filing proofs of claim). Because administrative expense claimants—who it might be more appropriate to refer to as "requestors"—do not file proofs of claim, the deadlines set for filing a proof of claim do not apply to them. *See* William L. Norton, Jr., *Norton Bankruptcy Law and Practice 2d* § 42:14, at 42–73 to 42–74 (1994) (noting that courts have found that the proof of claim provisions of the Code and Rules do not apply to administrative expenses and concluding that administrative expense claimants are apparently not subject to the bar dates for filing claims in Rule 3002).[7] The

---

3. In this opinion, the Court is only dealing with Morgan's § 364(c)(1) administrative expense claim and not its secured claims.

4. That is, the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

5. Section 503 and other parts of the Bankruptcy Code were amended in 1994. *See* The Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106. The amendments do not apply to this bankruptcy case. Bankruptcy Reform Act § 702. Thus, the citations in this opinion are to the preamendment Code.

6. In 1994, however, § 503 was amended to provide that requests for payment must be timely filed. Bankruptcy Reform Act § 213(c).

7. The Court considers Norton's discussion of why the proof of claim provisions of the Code and the Rules do not apply to administrative expense claimants to be instructive:

[A]llowance of unsecured claims is expressly dealt with in § 502. Section 502(a), in turn, mandates the filing of a proof of claim under

§ 501 as a prerequisite to the allowance of the "claim." ... [Section] 503 is captioned "allowance of administrative expenses." This appears to suggest that § 503 itself is a separate allowance section, apart from § 502, devoted exclusively to administrative expenses. If so, then § 502 would not apply to the allowance of administrative expenses. The rest of the statute is consistent with this reading. Section 507(a)(1) refers to "administrative expenses allowed under section 503(b)." Note that the reference is to "expenses," rather than "claims," the latter of which is handled under § 502. Also, of course, § 507(a)(1) specifically states that allowance is under § 503(b), implying that § 502 is out of the picture.... The courts that have addressed the issue have concluded, consistent with the above analysis, that the proof of claim provisions of the Code and Rules do not apply to administrative expenses....

Norton, *supra,* § 42:14, at 42–72 to 42–74 (footnotes and citations omitted).

Official Proof of Claim Form for the United States Bankruptcy Courts also supports this result in that it provides:

> NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Official Bankr.Form 10; 11 U.S.C.

A number of courts have found that the conversion of a case from one pending under Chapter 11 to one pending under Chapter 7 changes the requirements for preconversion administrative expense claimants, such that they are to file proofs of claim by the deadline, or bar date, noticed by the court after the conversion. *See, e.g., In re De Vries Grain & Fertilizer, Inc.,* 12 F.3d 101 (7th Cir.1993); *United States v. Ginley (In re Johnson),* 901 F.2d 513 (6th Cir.1990); *United States v. Brandt (In re Lissner),* 119 B.R. 143 (N.D.Ill.1990); *In re Sea Air Shuttle, Corp.,* 168 B.R. 501 (Bankr.D.Puerto Rico 1994); *In re West Johnson Corp.,* 96 B.R. 182 (Bankr.W.D.Wis.1988); *In re Transouth Truck Equipment, Inc.,* 87 B.R. 937 (Bankr. E.D.Tenn.1988). This Court respectfully disagrees with these courts.

Section 348 of the Code stipulates the effects of conversion. Rule 1019 implements § 348. Fed.R.Bankr.P. 1019 advisory committee's note (1983). Rule 1019 provides for a new time period for filing claims, and notes that claims actually filed by a creditor in the superseded case will be deemed filed in the Chapter 7 case. Fed.R.Bankr.P. 1019(2) & –(3). The Rule requires a debtor to file a final report and a schedule of postpetition debts within 15 days after the entry of the order of conversion. Fed.R.Bankr.P. 1019(5). Part six of the Rule requires the clerk of the court to give the following notice:

*Filing of Postpetition Claims; Notice.* On the filing of the schedule of unpaid debts, the clerk, or some other person as the court may direct, shall give notice to those entities, including the United States, any state, or any subdivision thereof, that their claims may be filed pursuant to Rules 3001(a)–(d) and 3002. * * *

Fed.R.Bankr.P. 1019(6).

Several of the courts holding that administrative expense claimants must file a proof of claim by the bar date following conversion find that Rule 1019(6) [8] *requires* all entities listed on the Rule 1019(5) schedule of debts incurred in the Chapter 11, including administrative expense claimants, to file a proof of claim. *See Johnson,* 901 F.2d at 518–19; *Lissner,* 119 B.R. at 145; *Transouth,* 87 B.R. at 939 (collectively, the "*Transouth* Cases"). The *Transouth* Cases find that Rule 1019(6) does not provide that postpetition, preconversion administrative expense claimants may file *either* a proof of claim *or* a request for administrative expense but *directs* the entities listed on the 1019(5) schedule to file a proof of claim. *Id.* The *Transouth* court explains:

> The drafters of Rule 1019 *apparently concluded* that it is easiest to require everyone with a claim that arose during a chapter 11 case, and which is not governed by Rule 2016, to file a proof of claim regardless of whether the claim might be an administrative expense. 12 Collier on Bankruptcy ¶ 122.12 (14th ed. 1987).

*Id.* (emphasis added). This Court finds the analysis of the *Transouth* Cases to misread the Rule, however, because Rule 1019(6) does not unequivocally direct the entities on the Rule 1019(5) schedule to file a proof of claim. The plain language of Rule 1019(6) provides that the clerk is to notice these entities that their claims *may* be filed pursuant to Rules 3001(a)–(d) and 3002.[9] Thus, the Rule leaves

---

8. About 1991, Rule 1019 was renumbered such that 1019(7) was renumbered as Rule 1019(6), and Rule 1019(6) was renumbered as 1019(5). Fed.R.Bankr.P. 1019 advisory committee's note (1991). Some courts rendered opinions prior to the renumbering of the Rule. *See, e.g., Transouth,* 87 B.R. at 939.

9. In *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), the Supreme Court found

that statutory analysis should begin and end with the language of the statute when the statute's language is plain. The Supreme Court has applied this plain meaning analysis to the Bankruptcy Rules. *In re International Diamond Exchange Jewelers, Inc.,* 188 B.R. 386, 390 (Bankr. S.D.Ohio 1995); *see Taylor v. Freeland & Kronz,* 503 U.S. 638, 651, 112 S.Ct. 1644, 1652, 118 L.Ed.2d 280 (1992) (Stevens, J., dissenting) (noting that the majority applied "plain meaning" analysis in disposing of the case).

to the entity the task of ascertaining whether or not it should file a proof of claim. In making this determination, a preconversion administrative expense claimant would justifiably look to § 503, which governs allowance of administrative expenses and which directs the filing of a request for payment. In addition, the Official Proof of Claim Form directs the administrative expense claimant to file a request for payment and not a proof of claim. Section 348 does not indicate that an administrative expense claimant should file a proof of claim form or comply with §§ 501 and 502 following conversion. Section 348 only indicates that administrative expense claimants are still treated differently than nonadministrative claimants. *See* 11 U.S.C. § 348(d).

■ No language in the Bankruptcy Code or the Official Proof of Claim Form indicates to administrative expense claimants that they should file proofs of claim after conversion instead of a request for payment. This Court concludes that the Rules also do not mandate this procedure following conversion. Although the cases cited above do find that the Rule requires preconversion administrative expense claimants to file proofs of claim, this Court concludes these cases espouse a misreading of Rule 1019(6).[10]

Some cases reach the same result as the *Transouth* Cases using different reasoning. Two cases focus on a different section of Rule 1019 in concluding that preconversion administrative expense claimants must file a proof of claim. *In re De Vries Grain & Fertilizer, Inc.*, 12 F.3d 101 (7th Cir.1993); *In re Sea Air Shuttle Corp.*, 168 B.R. 501 (Bankr.D.Puerto Rico 1994). These courts find that 1019(3) requires preconversion administrative expense claimants to file timely proofs of claim in the Chapter 7 case. *See DeVries Grain*, 12 F.3d at 104 & 103 n. 2; *Sea Air Shuttle*, 168 B.R. at 503. The Court finds this reading of Rule 1019(3) to be over broad. Rule 1019(3) provides that "[a]ll claims actually filed by a creditor in the superseded case shall be deemed filed in the chapter 7 case." It is again too much of a leap to infer this language to require an administrative expense claimant to file a proof of claim by a deadline.

Another case reaches the same result as the *Transouth* and *De Vries* lines of cases without even mentioning Rule 1019. *See In re West Johnson Corp.*, 96 B.R. 182 (Bankr. W.D.Wis.1988). The *West Johnson* court argues that administrative expense claimants are not required to file a proof of claim only because of a *judicial* exception to Rule 3002(a), which rule requires an unsecured creditor to file a proof of claim. *See West Johnson*, 96 B.R. at 183, citing *In re Parker*, 15 B.R. 980 (Bankr.E.D.Tenn.1981), *aff'd* 21 B.R. 692 (E.D.Tenn.1982) and *In re Chicago Pacific Corp.*, 773 F.2d 909, 917 (7th Cir. 1985). The court noted that, "[a]lthough the clear statement of the filing requirement in Rule 3002(a) has been clouded by the court created exception in *Parker*, that exception should be extended only when justified by compelling policy concerns." *West Johnson*, 96 B.R. at 184. The court found no compelling circumstances justifying extension of the "exception" to administrative expenses in converted cases. *See id.* Rather, after conversion, the amount of administrative expenses are no longer indefinite in amount, but may be finally determined. *Id.* at 183–84. In addition, the filing of claims by preconversion administrative expense claimants would promote the policy considerations of certainty and ease of administration by providing the Chapter 7 trustee with fresh information. *Id.* at 184, citing *In re Hof Brau, Inc.*, 73 B.R. 72 (Bankr.D.R.I.1987).

The *West Johnson* court's assertion that the holding in the *Parker* case is a "judicial exception" wholly ignores that § 503 directs administrative expense claimants to file requests for payment rather than proofs of claim. Because administrative expense claimants are not to file a proof of claim per the statute (§ 503), Rule 3002 is not applicable. *See* Norton, *supra*, § 42:14, at 42–73 to 42–74. Courts holding that administrative expense claimants are to file requests for payment rather than proofs of claim are not creating an exception to Rule 3002, but are recognizing the distinction between § 501 and § 503. *See also supra* note 7. Thus, even if good reasons exist for requiring pre-

---

**10.** The Court acknowledges that, given the existing case law, the safer and better practice would be for preconversion administrative expense

claimants to file a proof of claim by the Chapter 7 bar date.

conversion administrative expense claimants to file proofs of claim, neither the Code nor the Rules require this action or provide notice to the claimants that they must do so. For this reason, the Court rejects the *West Johnson* court's analysis.

The tie that binds all of the cases discussed above is their reliance on a particular policy argument in support of their conclusion. The courts emphasize their concern that the administration of the Chapter 7 case may be hindered because of the difficulties facing the trustee in ascertaining the existence of administrative expenses incurred during the aborted Chapter 11. *See, e.g., De Vries Grain,* 12 F.3d at 104 (noting this difficulty); *Johnson,* 901 F.2d at 519 (stating that the Rule's directive is "[i]n the interest of finality and notice to the Chapter 7 trustee" and helps achieve the goal of the Bankruptcy Rules to secure the just, speedy, and inexpensive determination of cases); *Lissner,* 119 B.R. at 146 (stating similar concerns); *West Johnson,* 96 B.R. at 184 ("The policy considerations of certainty and ease of administration of cases would be served by requiring a holder of an administrative expense claim to file a proof of claim upon conversion."); *Transouth,* 87 B.R. at 939 (noting that "[t]he drafters of Rule 1019 apparently concluded that it is easiest to require everyone with a claim that arose during a chapter 11 case ... to file a proof of claim....."). The *De Vries* court states that, while the burden on the Chapter 7 trustee to ascertain preconversion administrative expenses is great, it is not much of a burden on an administrative expense claimant to file a proof of claim. 12 F.3d at 104. Thus, such claimants should file proofs of claim. *See id.* The *De Vries* court and the other courts do not seem concerned, however, with the serious consequences of disallowance or subordination facing an administrative expense claimant who does not read the Rules to require it to file a proof of claim. If Rule 1019, or any other Rule, *clearly required* preconversion administrative expense claimants to file a proof of claim following conversion, the Court would not hesitate to reach the issue of whether or not

Morgan's administrative expense should be disallowed or subordinated.

Another concern of this Court is based on the practical observations and experience of the Court. Too often, the debtor-in-possession and its attorney fail to comply with Rule 1019(5) and do not file a list of postpetition debts. It is the inattention of the debtor to this duty that creates for the Chapter 7 trustee the huge burden of administering a case without knowledge of the extent of administrative expense claims. An additional consequence of the debtor's failure to comply with the Rule is that administrative expense claimants may not receive notice of the conversion or the proof of claim bar date, and thus may not have the chance to file a timely "claim," if so required by a Rule.[11] These problems result from the fact that, after conversion, the debtor and its attorney could care less about the bankruptcy.

Although the Court finds that Morgan did not need to file a proof of claim by the Chapter 7 Bar Date, the Court also finds that Morgan has yet to file a request for payment pursuant to 11 U.S.C. § 503. Morgan's counsel argues, with scant authority, that the Court has previously allowed Morgan's administrative expense claim with the financing orders previously entered by the Court. These orders did not *allow* Morgan's administrative expense, but provided that amounts owed by Morgan are *allowable* as a § 503 administrative expense. (September 28, 1992, Order at 4; December 24, 1992, Order at 4–5; March 17, 1993, Order at 5). The financing orders authorized the Debtor to borrow from and repay Morgan, but they do not apprise the Court or the Trustee of the amounts actually loaned or the amounts still owing. The orders do provide that the amounts loaned have "superpriority" status. With the Stay Motion, Morgan requested permission to foreclose on its collateral, and not payment of its administrative expense. The Stay Order authorized Morgan to foreclose, but did not determine what amount would be owed to Morgan following any foreclosure sale that might take place. Although

---

11. The Court does not intend to suggest that this situation existed in this case and notes that Morgan was on the service list of the Notice of Commencement of the Chapter 7 case. The problem often exists, however.

the Court has determined that Morgan did not need to file a proof of claim, Morgan did file an administrative proof of claim after the Bar Date. The Court's decision does not preclude the Comptroller from objecting to this "proof of claim" on other grounds such as laches or estoppel.

### Conclusion

For the foregoing reasons, the Court finds that the better view of the Code and the Rules is that preconversion, Chapter 11 administrative expense claimants are not required to file proofs of claim following conversion of the case to Chapter 7. Regardless, they should file something—a request for payment or a proof of claim—to apprise the Chapter 7 Trustee of what they claim they are owed. Because the Court has found that Morgan did not have to file a proof of claim by the Bar Date, the Court does not reach the issue of whether Morgan's administrative expense should be disallowed or subordinated. This conclusion does not preclude the Comptroller from objecting to Morgan's administrative expense on other grounds. An order consistent with this Memorandum Opinion shall be entered.

### *ORDER*

For the reasons given in the Court's Memorandum Opinion signed on March 7, 1996, it is therefore

**ORDERED** that the Motion for Authority to File Objection to Allowance of Chapter 11 Administrative Expense Claim of Morgan Guaranty Trust Company of New York filed by the Texas Comptroller of Public Accounts ("Comptroller") is **GRANTED;** and further

**ORDERED** that the Court shall additionally treat the Comptroller's Motion as the operative objection to claim pursuant to Federal Rule of Civil Procedure 8(f); and further

**ORDERED** that the Comptroller's objection to claim is **DENIED** without prejudice; and further

**ORDERED** that all other relief not expressly granted is **DENIED.**