# In re DeANGELIS TANGIBLES, INC., Debtor.

## Bankruptcy No. 5–94–01212.

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

May 19, 1999.

William G. Schwab, Lehighton, PA, trustee.

Mark C. Walsh, Scranton, PA, for Joseph Tragna.

David Browne, Vestal, NY, pro se.

## OPINION

JOHN J. THOMAS, Bankruptcy Judge.

William Schwab, Chapter 7 Trustee in the case of DeAngelis Tangibles Inc., has filed an Objection against Claim No. 322 of Joseph Tragna and Claim No. 433 of David Browne, who have requested priority treatment.

Generally speaking, the claimants are individuals who forwarded money to the Debtor for the purchase of gold and silver coins. Having never received the promised metals, they aver that they are entitled to priority treatment of up to Nine Hundred Dollars ($900.00) of their claim under the provisions of 11 U.S.C. § 507(a)(6) [1] as it existed on the date of

---

1. **§ 507. Priorities**
   (a) The following expenses and claims have priority in the following order:

   (6) Sixth, allowed unsecured claims of individuals, to the extent of $900 for each such individual, arising from the deposit, before

filing.[2] Unfortunately, the Debtor failed to complete these transactions and found itself in Chapter 7 with a number of claims of this nature.

The Trustee does not dispute the allegation that these claimants have delivered funds to the Debtor. The Trustee, however, argues the claims cannot have priority treatment under § 507(a)(6) because full payments to the Debtor cannot represent "deposits." For the proposition that a full payment cannot be a deposit, he relies on *In re Heritage Village Church & Missionary Fellowship, Inc.*, 137 B.R. 888 (Bankr. D.S.C.1991). That case defined deposit as "putting down as a pledge or partial payment." *Heritage Village,* 137 B.R. at 896.

The Trustee further argues individuals investing in precious metals cannot be beneficiaries under the § 507(a)(6) priority.

▮ "It is axiomatic that words used in a statute are to be given their ordinary meaning in the absence of persuasive reasons to the contrary." *Burns v. Alcala,* 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975). Furthermore, it has generally been accepted that provisions of the bankruptcy code authorizing a priority are to be narrowly construed inasmuch as there exists a general presumption that "in bankruptcy cases the debtor's limited resources will be equally distributed among his creditors." *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.,* 789 F.2d 98, 100 (2d Cir.1986); *In re Northwest Fin. Express, Inc.,* 950 F.2d 561, 563 (8th Cir. 1991). This analysis suggests that the word "deposit" as used in § 507(a)(6) should be given an ordinary, non-expansive connotation when applied to these facts at hand.

▮ Citing *Heritage Village,* the Trustee would have me limit the term "deposit" to any "pledge or partial payment." I note that some courts have taken issue with this narrow definition. *In re Tart's T.V., Furniture & Appliance Co.,* 165 B.R. 171, 172 (Bankr.E.D.N.C.1994); *In re Terra Distributing,* 148 B.R. 598, 600 (Bankr.D.Idaho 1992).

The word deposit has several ordinary meanings. One such understanding can be found in Comment a to Section 44 of the Restatement of Contracts wherein the term deposit refers to money or other property transferred by an offeror to the account of the offeree in conjunction with an offer. Restatement (Second) of Contracts § 44 cmt. a (1979). Certainly, this reference to deposit is not subject to any limitation as to the percentage of the total consideration. While the circumstances surrounding the transfer of funds from the claimants, precious metal investors, to the Debtor, precious metal supplier, are uncertain, what is beyond question is these funds were transferred to the Debtor as part of an agreement to purchase coins or precious metals.

▮ Proof of claims are prima facie evidence of their validity and amount. Federal Rule of Bankruptcy Procedure 3001(f). At least one court has assumed, for argument purposes, that the presumption of validity includes a presumption of priority when the claim is marked priority. *In re Transouth Truck Equip., Inc.,* 87 B.R. 937, 940 (Bankr.E.D.Tenn.1988). This approach seems reasonable and logical. "The party objecting to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity. Such evidence must

---

the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided. 11 U.S.C. § 507

2. Subsequent to the filing of the bankruptcy petition herein, Congress amended § 507(a)(6) to increase the limit of this priori-

ty to $1800. This amendment is prospective and not applicable to the case at hand. Amendments by Pub.L. 103–394 effective on Oct. 22, 1994, are not to apply with respect to cases commenced under Title 11 of the United States Code before Oct. 22, 1994, see section 702 of Pub.L. 103–394, set out as a note under section 101 of Title 11.

be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim." 9 Lawrence P. King, Collier on Bankruptcy ¶ 3001.09[2], at 3001–26 (15th ed. rev.1998). Mr. Schwab's mere allegation that the transfer of funds from claimant to Debtor is not a deposit, is insufficient to rebut the proof of claim to the contrary. I have been given no evidence that the claimants' priority claim in the amount of Nine Hundred Dollars ($900.00) is not well grounded in contract law. Furthermore, I specifically find that funds advanced in furtherance of a purchase order comport with the common understanding of the term deposit without expansive maneuvering.

The second Objection of the Trustee argues that the claimants are "investors who speculate in gold and not the type of retail consumers Congress sought to protect under Section 507(a)(6)." The Trustee's interpretation of the statute ignores its unambiguous terminology that favors "individual[s][who] ... deposit ... money in connection with the purchase ... of property ... for ... personal, family, or household use." I observe that Congress has demonstrated no intention to differentiate the purchaser of consumables from those inclined towards collectibles. "The strong presumption [is] that Congress expresses its intent through the language it chooses." *INS v. Cardoza–Fonseca,* 480 U.S. 421, 433 n. 12, 107 S.Ct. 1207, 1214 n. 12, 94 L.Ed.2d 434 (1987).

In demarcating the limits of this decision, I observe the Trustee could have submitted evidence that the payment of funds from claimants to Debtor was not at all intended by the parties to be a deposit, in which case the claimants would have had to carry their burden of proof. This he did not do and, therefore, he must suffer the consequences by having his Objection overruled and the priority claims allowed.